Matthew Borden, Esq. (SBN: 214323)
borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
kwasniewski@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

*Attorneys for Defendant YummyEarth, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MARINO,<br><br>    Plaintiff,<br><br>    v.<br><br>YUMMYEARTH, INC.,<br><br>    Defendant. | Case No: 3:22-cv-02739-VC<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT YUMMYEARTH, INC. TO DISMISS THE COMPLAINT PURSUANT TO RULES 12(B)(1) AND 12(B)(6); MEMORANDUM IN SUPPORT THEREOF**<br><br>**Date:** September 8, 2022<br>**Time:** 2:30 p.m.<br>**Judge:** Hon. Vince Chhabria<br>**Court Rm.:** 4<br><br>**Compl. Filed:** May 8, 2022 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 8, 2022 at 2:30 p.m., in Courtroom 4 of the above-captioned Court, located at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant YummyEarth, Inc. ("YumEarth") will and hereby does move this Court for an order dismissing the claims asserted by Plaintiff Jennifer Marino against YumEarth in the above-captioned action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing.

The Motion is based upon this Notice of Motion, the accompanying Memorandum in support of the Motion, the accompanying Request for Judicial Notice, and the files and records in this action and any further evidence and argument that the Court may consider.

Dated:  July 22, 2022                                    Respectfully submitted,

                                                         BRAUNHAGEY & BORDEN LLP


                                                         By:   */s/ Matthew Borden*
                                                                Matthew Borden

                                                         *Attorney for Defendant YummyEarth, Inc.*

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................................... 2

      A.     Plaintiff's Claims ..................................................................................................... 2

      B.     The Accused Candy Labels .................................................................................... 2

      C.     Plaintiff's Copy-and-Paste Complaint .................................................................... 3

ARGUMENT .................................................................................................................................. 3

I.     PLAINTIFF HAS NOT PLAUSIBLY ALLEGED ANY OF THE ELEMENTS OF HER CLAIMS ................................................................................... 4

II.    PLAINTIFF'S CLAIMS ARE PREEMPTED .................................................................. 7

III.   PLAINTIFF LACKS STANDING FOR INJUNCTIVE RELIEF ................................. 10

IV.   LEAVE TO AMEND SHOULD BE DENIED ............................................................... 11

CONCLUSION ............................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................................................. 3

*Bates v. United Parcel Serv., Inc.*,
 511 F.3d 974 (9th Cir. 2007) .................................................................................................. 10

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .................................................................................................................. 3

*Brown v. Starbucks Corp.*,
 2019 WL 996399 (S.D. Cal. Mar. 1, 2019) .............................................................................. 5

*Chuang v. Dr. Pepper Snapple Grp., Inc.*,
 2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) ......................................................................... 1

*Clark v. Perfect Bar, LLC*,
 816 F. App'x 141 (9th Cir. 2020) ............................................................................................. 7

*Davidson v. Kimberly-Clark Corp.*,
 873 F.3d 1103 (9th Cir. 2017) ................................................................................................ 10

*Dvora v. General Mills, Inc.*,
 *2011 W*L 1897349 (C.D. Cal. May 16, 2011) ......................................................................... 8

*Gasser v. Kiss My Face, LLC*,
 2017 WL 4773426 (N.D. Cal. Oct. 23, 2017) ........................................................................ 11

*Hairston v. S. Beach Beverage Co.*,
 2012 WL 1893818 (C.D. Cal. May 18, 2012) ....................................................................... 10

*Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*,
 2020 WL 5910071 (N.D. Cal. Oct. 6, 2020) ............................................................................ 2

*Lam v. General Mills, Inc.*,
 859 F. Supp. 2d 1097 (N.D. Cal. 2012) .................................................................................... 5

*McGee v. S-L Snacks Nat'l*,
 982 F.3d 700 (9th Cir. 2020) .................................................................................................... 6

*McKinniss v. General Mills, Inc.*,
 2007 WL 4762172 (C.D. Cal. Sept. 18, 2007) ......................................................................... 4

*Mueller v. Auker*,
    700 F.3d 1180 (9th Cir. 2012) .................................................................................................. 11

*Raifman v. Wachovia Sec.*, LLC,
    2012 WL 1611030 (N.D. Cal. May 7, 2012) ............................................................................ 11

*Rojo v. Bright*,
    2014 WL 1794376 (N.D. Cal. May 6, 2014) .............................................................................. 3

*Romero v. Flowers Bakeries, LLC*,
    2015 WL 2125004 (N.D. Cal. May 6, 2015) ............................................................................ 10

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) .................................................................................................... 4

*Telesaurus VPC, LLC v. Power*,
    623 F.3d 998 (9th Cir. 2010) .................................................................................................... 11

*Viggiano v. Hansen Nat. Corp.*,
    944 F. Supp. 2d 877 (C.D. Cal. 2013) ........................................................................................ 9

*Werbel ex rel. v. Pepsico, Inc.*,
    2010 WL 2673860 (N.D. Cal. July 2, 2010) .............................................................................. 5

*Williams v. Gerber Products Co.*,
    552 F.3d 934 (9th Cir. 2008) ...................................................................................................... 5

**STATUTES**

21 U.S.C. § 343(i), (k) ...................................................................................................................... 7
21 U.S.C. § 343–1(a)(3) .................................................................................................................... 7

**RULES**

Federal Rule of Civil Procedure 12(b)(1) .......................................................................................... i
Federal Rule of Civil Procedure 12(b)(6) .......................................................................................... i

**REGULATIONS**

21 C.F.R. § 100.1(c)(4) ..................................................................................................................... 7
21 C.F.R. § 101.22(i) .................................................................................................................. 5, 8
21 C.F.R. § 101.9(8) ....................................................................................................................... 10

**OTHER AUTHORITIES**

1990 U.S.C.C.A.N. 3336 ................................................................................................................... 7
1990 U.S.C.C.A.N. 3342 ................................................................................................................... 7

Defendant YummyEarth, Inc. ("YumEarth") respectfully submits this Memorandum in support of its Motion to Dismiss for lack of standing and for failure to state a claim.

## INTRODUCTION

For over 15 years, YumEarth has been making organic and allergy-friendly candy colored with real fruit and vegetable juices, instead of artificial ingredients. YumEarth's line of organic candy includes fruit snacks, which are fruit-shaped, fruit-flavored jellybean-like candies that are colored with fruit and vegetable juice concentrate. YumEarth's product labels comply with all applicable federal and state food labeling regulations.

Plaintiff is a captive litigant whose lawyers have iteratively filed the same copy-and-paste complaint. She brings this "false advertising" case without pointing to any statement that is false. She asserts that she was misled into buying YumEarth's candy because she thought it contained fruit. She claims that she relied on the grinning pieces of cartoon fruit on the label, the images of the fruit-shaped candy and the name "fruit snacks" to form this belief, all the while ignoring the most obvious way to know the ingredients—reading the ingredients. It is implausible that Plaintiff thought candy contained material amounts of fruit. It is implausible that the presence of the amount of fruit that can fit in a jellybean, *vel non*, drove Plaintiff's purchasing decision. And if Plaintiff actually was the one person on the planet who decides to buy candy based on whether it has nominal amounts of fruit juice (and technically, it did because juice is used as coloring), it is even more implausible that she did not read the ingredients. Such claims do not satisfy *Twombly/Iqbal* because the idea that YumEarth's truthful labels made Plaintiff buy the candy does not survive common sense. For this reason, Plaintiff's claims should be dismissed with prejudice.

Even if they were somehow plausible, Plaintiff's claims are preempted by federal law. Federal regulations permit a product to identify its "'characterizing flavor,'" both in the name of the product itself and in describing the various flavors contained therein, "even if that flavor does not necessarily correspond to the product's ingredient." *Chuang v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4286577, *5 (C.D. Cal. Sept. 20, 2017). Plaintiff's made-up regulation that prohibits using fruit images and names on fruit-flavored candy is at war with federal law and therefore must fail. This is a separate and independent reason why this case should be dismissed with prejudice.

# FACTUAL BACKGROUND

This Motion is based on the factual allegations in the Complaint, documents and things cited therein, as well as judicially noticeable public materials set forth in YumEarth's Request for Judicial Notice ("RJN").

### A.  Plaintiff's Claims

Plaintiff alleges that she suffered an injury because in January 2022, she bought a bag of YumEarth Organic Fruit Snacks for $3.99 from a Walgreens store in San Francisco, California, and had previously bought other unspecified YumEarth products. (Compl. ¶ 17(e).) Plaintiff claims that the label caused her to believe that the candy she had allegedly bought many times had real fruit in it, and that she otherwise would not have purchased the products, even though "Plaintiff would purchase the Products again in the future" if the labeling was changed. (*Id*. ¶ 17(a)-(d).)

### B.  The Accused Candy Labels

 

Above is an exemplar label of a bag of the candy apparently identified in the pleading (attached as Exhibit 1 to YumEarth's RJN), which the Court may rely on for purposes of this Motion because it is incorporated by reference. *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, No.

18-CV-06664-BLF, 2020 WL 5910071, at *3 (N.D. Cal. Oct. 6, 2020) ("In the context of food labels, courts regularly take judicial notice of product labels when those product labels form the basis of the relevant causes of action."). As seen above, the label includes pictures of the actual candy in the bottom-right corner of the front panel. (RJN, Ex. 1.) Consistent with the Food and Drug Administration (FDA) regulations, the label also includes the flavors: banana blast, strawberry smash, very very cherry, and perfectly peach.

The label also states that the candy is "colored with real fruit & vegetable juices" in prominent lettering and position. (*Id.*) Nowhere on these labels does YumEarth claim that the product contains substantial amounts of fruit or fruit juice. (*Id.*)

### C. Plaintiff's Copy-and-Paste Complaint

Plaintiff filed the Complaint in this action on May 8, 2022. (Dkt. No. 1.) One day later, Plaintiff's lawyers filed a virtually identical complaint against Arizona Beverages USA LLC on behalf of another plaintiff, Marcia Campbell. *See Campbell v. Arizona Beverages USA LLC*, No. 4:22-CV-02752-JST (N.D. Cal.), Dkt. No. 1. Both the instant Complaint and the *Campbell* pleading define the "California Class" to include "persons who purchased Defendants' Products within the State of Oregon[.]" (Compl. ¶ 91; *Campbell*, No. 4:22-CV-02752-JST, Dkt. No. 1 ¶ 90.) Both pleadings state causes of action under California's Unfair Competition Law ("UCL"), California's False Advertising Law ("FAL"), California's Consumer Legal Remedies Act ("CLRA"), Breach of Express Warranty, Breach of Implied Warranty of Merchantability, and Unjust Enrichment.

## ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must "provide sufficient factual allegations 'to raise a right to relief above the speculative level[.]'" *Rojo v. Bright*, No. 3:12-CV-02518-VC, 2014 WL 1794376, *1 (N.D. Cal. May 6, 2014) (quoting *Twombly*, 550 U.S. at 55). A complaint must "plausibly suggest an entitlement to relief, such that it is not unfair to

require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## I.   PLAINTIFF HAS NOT PLAUSIBLY ALLEGED ANY OF THE ELEMENTS OF HER CLAIMS

Plaintiff does not—and cannot— point to any false statement by YumEarth. Rather, Plaintiff alleges that she believed that images of a gelatinous candy and the phrase "fruit snacks" caused her to believe that the YumEarth Organic Fruit Snacks contained real fruit. Of course, as Plaintiff herself admits, YumEarth Organic Fruit Snacks do contain real fruit in the form of "concentrated juice from apples and blackcurrant[.]" (Compl. ¶ 39.) Putting that aside, it is simply not plausible that Plaintiff believed that a gelatinous candy contained unprocessed, whole, or "real" fruit, especially considering she continued to buy YumEarth products for more than three years. (*Id.* ¶ 17(e).) Not only is it implausible that Plaintiff could have been misled, Plaintiff's claims separately fail because she could not have possibly suffered any injury.

### A.   Plaintiff Has Not Plausibly Alleged that She Was Misled

The Complaint is not even clear as to what Plaintiff believed when she allegedly purchased the YumEarth Organic Fruit Snacks, but she cannot plausibly claim to have been misled. Plaintiff alleges that the word "fruit snacks" and images of fruit on YumEarth labels caused her to believe "that real fruit was present in the Product." (Compl. ¶ 17.) However, as Plaintiff herself readily admits, the product she identifies does contain real fruit in the form of "concentrated juice from apples and blackcurrant[.]" (*Id.* ¶ 39.) Even if Plaintiff is correct that the term "fruit snack" conveys information regarding the product's ingredients rather than its flavor, the statement is not false as the Organic Fruit Snacks do in fact contain real fruit. By Plaintiff's own admission, nothing on the YumEarth label is false.

More importantly however, the word "fruit snacks" and depictions of fruit on a label are not—as a matter of law—affirmations that YumEarth product contains any particular fruit. "[T]he depiction of fruit on a product label is not an affirmation that the product contains a particular amount of fruit or any fruit whatsoever." *McKinniss v. General Mills, Inc.*, 2007 WL 4762172 at *3 (C.D. Cal. Sept. 18, 2007) (dismissing claims that fruit images on cereal boxes caused plaintiff to

believe that cereal contained real fruit). Indeed, "illustrations of fruit on product labels to indicate the product's 'characterizing flavor[,]' even where the product contains no ingredients derived from the depicted fruit[]" is permissible. *Id.* (citing 21 C.F.R. § 101.22(i)(1)(i-iii)).

Plaintiff apparently wants to liken this case to *Williams v. Gerber Products Co.*, 552 F.3d 934, 936 (9th Cir. 2008) and *Lam v. General Mills, Inc.*, 859 F. Supp. 2d 1097, 1104 (N.D. Cal. 2012) (Conti, J.), where the product labels affirmatively represented that the products were "made with real fruit" or "made with real fruit juice." Those cases do not apply here because YumEarth's product makes no such representation. Both the word "fruit snack" and pictures of the fruit snacks themselves, which are formed as cartoon fruits, simply describe the flavor of the Organic Fruit Snacks and not any ingredients they contained. *See Werbel ex rel. v. Pepsico, Inc.*, No. 09-CV-04456-SBA, 2010 WL 2673860, *3 (N.D. Cal. July 2, 2010) (cartoon depictions of Cap'n Crunch "Berries" belies any suggestion the cereal was derived from or contained any real fruit).

The labels at issue here contain no phrases that could have plausibly led Plaintiff to believe that there is real fruit in the product. To the contrary, YumEarth repeatedly states that its fruit snacks products are simply "organic candy" that are "colored with real fruit and vegetable juices" in prominent lettering and position on its labels. (RJN, Ex. 1.) The word "fruit snacks" simply describes a group of gummy snacks that are fruit-flavored and the images of the YumEarth fruit snacks on the label show the purchaser what the actual fruit snacks look like. Plaintiff has failed to point to any affirmative representation made by YumEarth that would have plausibly caused her to believe that the fruit snacks contain real fruit.

### B. Plaintiff Has Not Plausibly Alleged Reliance

Plaintiff's claims separately fail because it is implausible that she purchased gelatinous candy because it contained real fruit. The decision in *Brown v. Starbucks Corp.* is instructive. 2019 WL 996399, *3 (S.D. Cal. Mar. 1, 2019). There, the district court held that plaintiff could not plausibly be misled into believing that "brightly-colored, gelatinous candy" contained "only natural ingredients." *Id.* Here too, it is implausible that Plaintiff relied on YumEarth's labels—which contain no affirmative statements that the fruit snacks contain real fruit—to believe that gelatinous candy contained real fruit. Plaintiff was satisfied with the Organic Fruit Snacks, given that she

continued purchasing and enjoying them for "the past three years" without any issues. (Compl. ¶ 17(e).) Furthermore, Plaintiff alleges that she intends on continuing to purchase the Organic Fruit Snacks if YumEarth modifies its label. (Compl. ¶ 17(d) (alleging that Plaintiff would purchase YumEarth products again if they "were no longer deceptively labeled").) The allegations in the Complaint make clear that Plaintiff never bought the product because she thought it contained fruit; rather, she bought it for all the other reasons consumers love the product: because it tastes good, because it contains organic and non-allergenic ingredients, and because it does not contain artificial colors or flavors.

Moreover, it is doubly implausible that Plaintiff bought the candy because she thought it contained fruit because if she only wanted candy with fruit in it, she would have looked at the ingredients. It is implausible that someone who wants such an unusual product (gelatinous candy made with "real fruit") would not look at the most obvious place to figure out if the product actually did contain fruit, the ingredients, and exclusively rely on a picture of a smiling banana to make her purchasing decision instead.

### C. Plaintiff Has Not Plausibly Alleged Injury

Plaintiff alleges two theories of injury in the Complaint. First, that she "paid a premium price" for the fruit snacks because they were "labeled and advertised as containing real fruit." (Compl. ¶¶ 84, 86(b).) Second, that she was deprived of "the benefit of the bargain" because the fruit snacks "were different from what Defendant warranted," or because the fruit snacks "had less value than what Defendant represented," or because the fruit snacks "[c]ould not be used for the purpose for which they were purchased." (*Id.* ¶¶ 86(c), 86(d), 86(e).) Plaintiff fails to plausibly allege injury under either the overpayment theory or the benefit of the bargain theory.

First, Plaintiff does not plausibly allege injury under the overpayment theory. As explained above, the Complaint does not allege any specific statement on YumEarth's label is false, and without this "key element," Plaintiff cannot prevail in showing injury under an overpayment theory. *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 707 (9th Cir. 2020). Second, Plaintiff, does not plausibly allege injury under the benefit of the bargain theory. Plaintiff received exactly what YumEarth advertised, safe-to-eat, gelatinous fruit-flavored candy colored with fruit and vegetable

juices. She enjoyed the fruit snacks, as she kept purchasing and eating them more than three years without any adverse effects. (Compl. ¶ 17(e).) Even if all of Plaintiff's expectations (however unreasonable) regarding the Organic Fruit Snacks were not met, it does not change the fact that she received the benefit for which she "actually bargained." *McGee*, 982 F.3d at 706.

Plaintiff has not sufficiently alleged that she was injured under either the overpayment or the benefit of the bargain theory of standing.

## II.   PLAINTIFF'S CLAIMS ARE PREEMPTED

Plaintiff's claims fail because they are preempted by federal law. The FDA is the primary regulator of food labeling. It establishes rules that food manufacturers must follow to ensure that consumers are not misled. FDA labeling regulations allow food manufacturers to depict fruits on labels to describe the characterizing flavors of the product even if it contains no ingredients derived from the depicted fruit. Plaintiff's lawsuit is an attempt to impose limitations on YumEarth's manner of packaging its products differently from what FDA regulations require/permit, and as such, Plaintiff's claims are preempted.

In 1990, Congress passed the Nutritional Labeling and Education Act ("NLEA"), which amended the Federal Food, Drug, and Cosmetic Act ("FDCA"). 1990 U.S.C.C.A.N. 3336, 3342. The NLEA was intended to "establish uniform national standards for the nutritional claims and the required nutrient information displayed on food labels." *Id.* The NLEA contains an express preemption provision, which preempts any state law claim that establishes any requirement for the labeling of food that is not identical to the various standards set forth by the FDCA, including the statutory labeling requirements. 21 U.S.C. § 343–1(a)(3); *Clark v. Perfect Bar, LLC*, 816 F. App'x 141, 143 (9th Cir. 2020). Under Food and Drug Administration ("FDA") regulations, the term "not identical to . . . means that the State requirement directly or indirectly imposes obligations or contains provisions concerning the composition or labeling" that are "not imposed by or contained in the applicable provision[s]." 21 C.F.R. § 100.1(c)(4).

Pursuant to the FDCA and NLEA, the FDA has implemented a comprehensive scheme governing the labeling of flavors and flavorings in food products, with a particular focus on labels mentioning or including images of fruit. *See* 21 U.S.C. § 343(i), (k). Detailed regulations

promulgated under the FDCA permit a manufacturer to indicate the "characterizing flavor" of a food product and set forth exactly how the product's "characterizing flavor" is to be described on the product's "label, labeling, or advertising." 21 C.F.R. § 101.22(i). In particular, the FDCA "permits a manufacturer to use the name and image of a fruit on a product's packaging to describe the characterizing flavor of the product even where the product does not contain any of that fruit, or contains no fruit at all." *Dvora v. General Mills, Inc.*, 2011 WL 1897349, at *4 (citing 21 C.F.R. § 101.22(i)) (C.D. Cal. May 16, 2011); *see Lam v. General Mills, Inc.*, 859 F. Supp. 2d 1097, 1102-03 (N.D. Cal. 2012) ("[A] product may be labeled as 'fruit flavored' or 'naturally flavored,' even if it does not contain fruit or natural ingredients.").

Courts have repeatedly affirmed that the comprehensive federal regulatory regime on food flavor labeling preempts state law claims, even when products are labeled with a characterizing flavor that "does not necessarily correspond to the product's ingredient." *Chuang*, 2017 WL 4286577, at *5 (C.D. Cal. Sept. 20, 2017). YumEarth's organic fruit snacks are labeled in conformance with FDA regulations. They state the product's characterizing flavor in the name, e.g., *Very Very Berry*, and on the packaging, just as Dr. Pepper did in *Chuang*. *See id.*; *see also* 21 U.S.C. § 101.22(i)(1)(iii) (permitting the depiction of fruit to describe a characterizing flavor so long as "the food contains both a characterizing flavor from the product whose flavor is simulated and other natural flavor which simulates, resembles or reinforces the characterizing flavor"). Accordingly, Plaintiff's state law false advertising claims based on YumEarth's use of the word "fruit" on its packaging and the description of the products' fruit flavors "fall[] well within the extensive regulatory scheme promulgated" by the Food and Drug Administration and are thus preempted. *Dvora*, 2011 WL 1897349 at *5 (holding that false advertising claims regarding a cereal's depiction of fruit on its labels is preempted because "it is impossible to see how Plaintiff's lawsuit does not seek to impose limitations on Defendant's manner of packaging its products that are different from what federal regulations currently require/permit.").

Plaintiff alleges that five of YumEarth's products' labels are misleading because they suggest to consumers that they contain (unidentified) fruit because of the use of the word "fruit," cartoon depictions of various fruit on the packaging, and fruit-flavor descriptions like "Banana

Blast," "Strawberry Smash," "Very Very Cherry," and "Perfectly Peach." (Compl. ¶ 25a-e.)[1] But courts routinely dismiss claims identical to Plaintiff's as expressly preempted by the statutes and regulations set forth above. For example, in *Dvora*, the court dismissed plaintiff's UCL and CLRA claims regarding a cereal box that was labeled "Total Blueberry Pomegranate" and which displayed pictures that resembled blueberries and pomegranate seeds, but which contained no actual fruit. 2011 WL 1897349 at *1, 4. The Court explained that the manufacturer was free to display blueberries and pomegranates on the packaging as well as advertise the blueberry and pomegranate flavoring of the product pursuant to the "extensive regulatory scheme promulgated under the FDCA," and any claim seeking to impose liability for this labeling was thus preempted. *Id.* at 5-6. Similarly, in *Chuang,* the Court held that state law claims that sought to punish a manufacturer for advertising its "Very, Very Cherry" fruit snacks, "Strawberry" fruit chews, or "Tooberry Blueberry" vitamin drops even though no cherries, strawberries, or blueberries were used in making the products were preempted by federal law. 2017 WL 4286577, at *5. And in *McKinnis,* plaintiff's UCL, FAL, CLRA, and breach of warranty claims regarding fruit content in "Berry Berry Kix" and "Fruity Cheerios," among other products, were preempted. 2007 WL 4762172, at *3-4 (C.D. Cal. Sept. 18, 2007). Indeed, courts time and again conclude that state law claims challenging labels containing images or names of fruit are preempted "because such labeling references the characterizing flavor of the food and is permitted by § 101.22," even if the product contains no fruit at all. *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 891 (C.D. Cal. 2013)

---

[1] Because YumEarth makes no express representations regarding any fruit as an ingredient in its products, the fruit imagery and flavor descriptions are, as a matter of law, claims regarding the products' flavor, not ingredients. *Dvora*, 2011 WL 1897349, at *6 ("[T]here are no express representations by Defendant that its product is 'made with' blueberries and pomegranate seeds, therefore Defendant's references to blueberry and pomegranate are much more obviously claims of characterizing flavor [as opposed to claims of ingredients], albeit ones with implicit connotations of healthfulness."); *see* 21 C.F.R. § 101.22(i) (regulations concerning characterizing flavor apply whenever "the manufacturer or distributor of a food wishes to designate the type of flavor in the food ***other than through the statement of ingredients***" (emphasis added)); *McKinniss*, 2007 WL 4762172, at *3 (concluding that "the depiction of fruit on a product label is not an affirmation that the product contains a particular amount of fruit or any fruit whatsoever," and, without express reference to fruit as an ingredient, these allegations are preempted); *see also Lam*, 859 F. Supp. 2d at 1103 (dismissing UCL, CLRA, FAL, and breach of warranty claims to the extent that the packaging referenced fruit flavors, and letting the claims survive only to the extent the labels expressly said "made with real fruit").

(collecting cases). Accordingly, Plaintiff's claims are preempted, and they must be dismissed in their entirety.[2]

### III.     PLAINTIFF LACKS STANDING FOR INJUNCTIVE RELIEF

To establish standing to seek injunctive relief, a plaintiff must prove "a real and immediate threat of repeated injury." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Plaintiff cannot establish any such threat because she admits that she will not purchase YumEarth products any longer, and as such her request for injunctive relief must be denied. *See Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189 BLF, 2015 WL 2125004, *7 (N.D. Cal. May 6, 2015) ("Now that Plaintiff is aware that Defendant's bread contains undesirable chemicals and processed wheat . . . there is no likelihood that Plaintiff will purchase Defendant's products again.").

A "previously deceived" plaintiff may have standing to seek an injunction in certain circumstances, *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1115 (9th Cir. 2017), but the reasoning in *Kimberly-Clark* does not apply here. In *Kimberly-Clark*, the Court articulated two ways a plaintiff who is previously deceived can plausibly allege a threat of future injury. First, the plaintiff could allege that she desires to purchase the product again in the future but is unable to rely on the product's advertising or labeling. Second, the plaintiff could allege that she might purchase the product in the future despite the past false advertising or labeling because he could reasonably, but incorrectly, assume the product was improved. In *Kimberly-Clark*, the court found that the plaintiff, who alleged that the defendant's wipes were falsely labeled as "flushable," did face an imminent or actual threat of future harm because (1) she alleged that she wished to purchase the product again, and (2) without an injunction, she would have no way of knowing in the future whether the representation that the product was "flushable" was true. *Id*. at 1116.

---

[2] To the extent that Plaintiff relies on YumEarth's use of "vitamin C" to state its claims, a manufacturer's labels and advertisements regarding the presence of vitamins in a product are also subject to an extensive federal regulatory scheme and are thus preempted. *See Hairston v. S. Beach Beverage Co.*, 2012 WL 1893818, at *3 (C.D. Cal. May 18, 2012) (citing 21 C.F.R. § 101.9(8)). Further, to the extent Plaintiff will argue that the allegations about the presence of vitamin C in YumEarth's products are meant only as ancillary support for her claims, that argument must be rejected as an improper attempt to circumvent the preemption analysis. *Id.*

Here, there is no threat of future injury because Plaintiff has not alleged that she wishes to purchase the products again – to the contrary, she has made it clear that she will not. She states that would not have purchased the products had she known that "the Products did not contain any real fruit." (Compl. ¶ 17.) Unlike in *Kimberly-Clark*, which was a case where the product label did not conform to the actual product, here Plaintiff now knows that other than the fruit concentrate used to color the products, there is no real fruit in YumEarth's products. An injunction is thus unnecessary to prevent future harm in this case. *See Gasser v. Kiss My Face, LLC*, No. 17-cv-01675, 2017 WL 4773426, *4 (N.D. Cal. Oct. 23, 2017) ("[T]his Court cannot force KMF to change the composition of its products. Instead, the injunctive relief is limited to having the label accurately reflect the product's contents."). Plaintiff has shown in his pleadings that she was disappointed by the lack of real fruit in YumEarth's fruit snacks and as a result she has averred that she will not purchase the product in the future and "has not, nor can [she], establish 'a real and immediate threat of repeated injury.'" *Id.* (quoting *Bates*, 511 F.3d at 985 (9th Cir. 2007)).

## IV.   LEAVE TO AMEND SHOULD BE DENIED

Leave to amend a complaint should not be granted where, as here, amendment would be futile. *Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012); *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Amendment is futile if the amended complaint would be immediately subject to dismissal. *Raifman v. Wachovia Sec.*, LLC, No. C 11-02885 SBA, 2012 WL 1611030, at *2 (N.D. Cal. May 7, 2012).

Plaintiff cannot state a cognizable legal theory against YumEarth because the label at issue does not represent that YumEarth's products contain any real fruit. No amended pleading can change that. Plaintiff cannot plead any entitlement to equitable relief where she demands damages for the same alleged harm and plainly has an adequate legal remedy. Moreover, Plaintiff cannot plausibly allege that she intends to purchase the products at issue again. For these reasons, the Court should deny leave to amend.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice.

Dated: July 22, 2022

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: /s/ *Matthew Borden*
 Matthew Borden

*Attorney for Defendant YummyEarth, Inc*