Matthew Borden, Esq. (SBN: 214323)
   borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
   kwasniewski@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

*Attorneys for Defendant YummyEarth, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER MARINO,<br><br>    Plaintiff,<br><br>v.<br><br>YUMMYEARTH, INC.,<br><br>    Defendant. | Case No: 3:22-cv-02739-VC<br><br>**DEFENDANT YUMMYEARTH, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>**Date:**    September 8, 2022<br>**Time:**    2:30 p.m.<br>**Judge:**   Hon. Vince Chhabria<br>**Court Rm.:**  4<br><br>**Compl. Filed:** May 8, 2022 |

Defendant YummyEarth, Inc. ("YumEarth") hereby requests that the Court take judicial notice of the documents identified below in support of its Motion to Dismiss.

Pursuant to Federal Rule of Evidence 201, a district court may take judicial notice of matters "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "In the context of food labels, courts regularly take judicial notice of product labels when those product labels form the basis of the relevant causes of action." *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, No. 18-CV-06664-BLF, 2020 WL 5910071, at *3 (N.D. Cal. Oct. 6, 2020) (citing *Barnes v. Campbell Soup Co.*, 2013 WL 5530017, at *3 (N.D. Cal. July 25, 2013)); *see also Silver v. BA Sports Nutrition, LLC*, No. 20-CV-00633-SI, 2020 WL 2992873, at *2 n.4 (N.D. Cal. June 4, 2020) (citing *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 903 n.7 (N.D. Cal. 2012)) (a product label is "properly judicially noticeable" if it "is referenced in the complaint"); *Bronson v. Johnson & Johnson, Inc.*, No. 12-CV-04184 CRB, 2013 WL 1629191, at *1 n.1 (N.D. Cal. Apr. 16, 2013) (taking judicial notice of product labels incorporated by reference in the plaintiffs' complaint); *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021), *appeal dismissed*, No. 21-15659, 2021 WL 4785889 (9th Cir. May 17, 2021) (taking judicial notice of product labels where plaintiff made "numerous references" to the labels in the operative complaint).

Plaintiff alleges that she purchased YumEarth's Organic Fruit Snacks "at a price of approximately $3.99 per bag from a Walgreens store located in San Francisco, CA." (Compl. ¶ 17(e).) The label for YumEarth's Organic Fruit Snacks forms the basis for Plaintiff's false advertising claims. The Complaint attaches several images of YumEarth's Organic Fruit Snacks. (Compl. ¶¶ 25(a), 34, 46.)

Accordingly, YumEarth requests that the Court take judicial notice of the following product label attached hereto:

**Exhibit 1**: Images of the front and back of the label for YumEarth's Organic Fruit Snacks.

///

///

///

| | |
|---|---|
| Dated: July 22, 2022 | Respectfully submitted, |
| | BRAUNHAGEY & BORDEN LLP |
| | By: _/s/ Matthew Borden_ |
| |      Matthew Borden |
| | *Attorney for Defendant YummyEarth, Inc.* |

# EXHIBIT 1



