J. RYAN GUSTAFSON (SBN 220802)
CHRISTOPHER T. AUMAIS (SBN 249901)
**GOOD | GUSTAFSON | AUMAIS LLP**
2330 Westwood Boulevard, Suite 103
Los Angeles, California 90064
Telephone:  (310) 274-4663
Email: jrg@ggallp.com
Email: cta@ggallp.com

AMIR SHENAQ*
**SHENAQ PC**
3500 Lenox Road, Ste. 1500
Atlanta GA 30326
Tel: (888) 909-9993
amir@shenaqpc.com

Steffen T. Keeton, Esq.*
**THE KEETON FIRM LLC**
100 S Commons, Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com
*Pro hac vice forthcoming

*Attorneys for Plaintiff and the Proposed Class*

GOOD GUSTAFSON AUMAIS LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MARINO, individually, and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> YUMMYEARTH, INC., <br><br> Defendant. | Case No. 3:22-cv-02739-VC <br><br> **PLAINTIFF'S MEMORANDUM OF LAW OPPOSITION TO DEFENDANT YUMMYEARTH, INC.'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULES 12(B)(1) AND 12(B)(6)** <br><br> Date: **September 29, 2022** <br> Time: **2:30 p.m.** <br> Ctrm: **4 (17th Floor)** <br><br> **Honorable Vince Chhabria** |

i

**GOOD GUSTAFSON AUMAIS LLP**

# TABLE OF CONTENTS

**INTRODUCTION**……...…………………………………...……………...…….…..…..1

**FACTS**…..………………………………………………………….……...… 2

    A.    THE LABELS ON DEFENDANT'S PACKAGES DO NOT IN FACT DESCRIBE THE "FLAVORS" OF ITS PRODUCTS…………..…….………...… 2

    B.    THE WORD "CANDY" ON DEFENDANT'S LABELS……..………..……... 2

**ARGUMENT**..………………..……………………………………………...….....3

    I.    THE COMPLAINT ADEQUATELY ALLEGES THAT PLAINTIFF WAS MISLED………………..………..……………………….……..….. 4

    II.    THE COMPLAINT ADEQUATELY ALLEGES THAT PLAINTIFF RELIED ON DEFENDANT'S MISLEADING REPRESENTATIONS AND THAT REASONABLE CONSUMERS WOULD BE MISLED………………………... 8

    III.    PLAINTIFF CAN RECOVER UNDER BOTH THE OVERPAYMENT AND BENEFIT OF THE BARGAIN THEORIES..…………………………..……………..……..…….....11

    IV.    PLAINTIFF'S CLAIMS ARE NOT PREEMPTED…………………...……… 12

    V.    PLAINTIFF HAS STANDING TO SEEK AN INJUNCTION…...…………..…14

**CONCLUSION**……...…………………………………………..……………....15

**TABLE OF AUTHORITIES**

*Aron v. U–Haul Co. of California* (2006) 143 Cal.App.4th 796…....………………....… 12

*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254……....……………....……..8

*Brady v. Bayer Corp.* (2018) 26 Cal.App.5th 1156…………...………………………. 4, 10

*Broomfield v. Craft Brew All., Inc.*

    2017 WL 3838453 (N.D. Cal. Sept. 1, 2017)…………………………………….4

*Brown v. Starbucks*, WL 996399 (S.D. Cal., Mar. 1, 2019)…………..…….…..……..9

*Chapman v. Skype Inc.* (2013) 220 Cal.App.4th 217……………………….…………..4

*Chacanaca v. Quaker Oats Co.* 752 F.Supp.2d 1111 (N.D. Cal. 2010)…….…………. 13

*Chavez v. Blue Sky Natural Beverage Co.*,  268 F.R.D. 365, 373

    (N.D. Cal.2010)………………………………………………………..… 14

*Chuang v. Dr. Pepper Snapple Group, Inc.* 2017 WL 4286577

    (C.D. Cal., Sept. 20, 2017)……………………………………………… 14

*Clark v. Perfect Bar, LLC* (9th Cir. 2020) 816 Fed.Appx. 141……………….………. 14

*Dvora v. General Mills, Inc.* 2011 WL 1897349 (C.D. Cal., May 16, 2011)…… …………14

*Factory Direct Wholesale, LLC v. iTouchless Housewares*

    *& Prod., Inc.* 411 F.Supp.3d 905 (N.D. Cal. 2019)………………….………..2, 3

*Gasser v. Kiss My Face, LLC* 2017 WL 4773426,

    (N.D. Cal., Oct. 23, 2017)……………………………………………… 15

*Gustavson v. Wrigley Sales Company*

    961 F.Supp.2d 1100 (N.D. Cal. 2013)……………………..……………..… 13, 14

*Hadley v. Kellogg Sales Company*,

    273 F.Supp.3d 1052, 1062 (N.D. Cal. 2017)………………………….......... 4-5, 15

*Hall v. Time Inc.* (2008) 158 Cal.App.4th 847……………………………..………..12

*Haywuan Yu v. Dr. Pepper Snapple Grp., Inc.* 2020 WL 5910071

    (N.D. Cal. Oct. 6, 2020)…………………………………………… 13-14

*Henderson v. Gruma Corp.* 2011 WL 1362188

    (C.D. Cal., Apr. 11, 2011)……………………… ……………………. 5, 8, 11

GOOD GUSTAFSON AUMAIS LLP

iii

GOOD GUSTAFSON AUMAIS LLP

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,

    903 F. Supp. 2d 942 (S.D. Cal. 2012)……………………………………………8

*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 328………………………………..…… 4, 8

*Johnson-Jack v. Health-Ade LLC*, 2022 WL 562827

    (N.D. Cal., Feb. 24, 2022)……………………………………………….……………4

*Kwikset Corp. v. Sup. Ct.*, (2011) 51 Cal.4th 310, 329 (2011)……………………..……… 12

*Lam v. General Mills, Inc.* (N.D. Cal. 2012) 859 F.Supp.2d 1097…… …………... 7, 9, 14

*Lavie v. Procter & Gamble Co.* (2003) 105 Cal.App.4th 496……..…………………….5

*Leonhart v. Nature's Path Foods, Inc.*, 2014 WL 1338161

    (N.D. Cal., Mar. 31, 2014)……………………………….……..……………………13

*Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)…………………………………... 13

*McGee v. S-L Snacks Nat'l* (9th Cir. 2020) 982 F.3d 700………..…………………….11

*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457………………………11

*McKinniss v. General Mills, Inc.*, 2007 WL 4762172

    (C.D. Cal. Sept. 18, 2007)……………………………………………………6, 7

*Organic Consumers Association v. Sanderson Farms, Inc.*,

 284 F.Supp.3d 1005, 1014 (N.D. Cal. 2018)…………..… ……………………..…………… 3

*Pappas v. Chipotle Mexican Grill, Inc.* 2016 WL 11703770

    (S.D. Cal., Aug. 31, 2016)……………………………………. ……………...…… 8

*Paduano v. American Honda Motor Co., Inc.*

    (2009) 169 Cal.App.4th 1453……………………………………….……………8

*Reid v. Johnson & Johnson* 780 F.3d 952, 958 (9th Cr. 2015)…………..... ………………4

*Sonner v. Schwabe North America, Inc.* 911 F.3d 989 (9th Cir. 2018)…...…... ………………8

*Skinner v. Ken's Foods, Inc.* (2020) 53 Cal.App.5th 938………………………..……..…10

*Viggiano v. Hansen Natural Corp.* 944 F.Supp.2d 877 (C.D. Cal. 2013) …….....……14

*Werbel ex rel. v. Pepsico, Inc.* 2010 WL 2673860 (N.D. Cal., July 2, 2010)... ……...….4, 7

*Williams v. Gerber Prod. Co.*, 552 F.3d 934 (9th Cir. 2008)…………… ……...…...3, 4, 5

GOOD GUSTAFSON AUMAIS LLP

REGULATIONS

21 C.F.R. § 100.1(c)(4)…………………..…………………………………….… 13

21 CFR § 101.22(i)(l)(i)…………………….…………………………………. 6, 7, 13

21 CFR § 101.22(i)(l)(ii) …………………...…………………………….…. 7

STATUTES

21 USC § 343-1(a)(3)……………………………………… ...………………… 13

GOOD GUSTAFSON AUMAIS LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Jennifer Marino, on behalf of herself and of all others similarly situated, respectfully submits her Opposition to Defendant YummyEarth, Inc.'s Motion to Dismiss filed July 22, 2022. (Dkt. No. 18, hereinafter "Def.'s Br.")

## **INTRODUCTION**

Plaintiff's Complaint (Dkt. No. 1, hereinafter "Complaint" or "Compl.") in this action alleges that the names of Defendant's products – Fruit Snacks and Organic Fruit Snack, Fruit Chews, Gummy Fruits and Organic Vitamin C Drops – are misleading and deceptive because, as Defendant itself argues strenuously, those products are in fact candy. Plaintiff states claims under California consumer protection statutes based on the language and other images on Defendant's labels.

Defendant argues that the labels on its packages refer to the flavor and not to the composition of its products, that it therefore complies with the specific federal regulations that mandate what a "flavor" label such as Defendant's must say, and that Plaintiff's claims are therefore preempted by federal law.

Plaintiff's claims are not preempted, because she does not seek to impose any requirement that is not identical to the requirement of the governing regulation.  That regulation, 21 CFR § 101.22, upon which Defendant heavily relies, mandates that the word "Flavored" appear immediately after the ingredient name.  Here, if Defendant's label did comply with the regulation, it would say "Fruit Flavored."  The Court can plainly see that the word "Flavor" is not on the labels, anywhere.

Plaintiff's State law action is based on the same label language that violates the regulation. The representations on Defendant's labels are likely to mislead a reasonable consumer, the standard that applies to the claims which Plaintiff brings here.  Finally, Plaintiff would purchase Defendant's candy from time to time, provided she knows what it really is, and she thus has standing to seek an injunction compelling Defendant to label its candies in a way that is not deceptive.

## FACTS

**A.    The Labels on Defendant's Packages Do Not in Fact Describe The "Flavors" Of Its Products**

Defendant repeatedly and wrongly asserts that its package labels describe the flavor of its products.  Defendant makes this assertion both as an erroneous statement of fact and, in addition, as an incorrect legal argument.  Purporting to describe the label on its package of "organic fruit snacks," Defendant incorrectly states that, "consistent" with federal regulation, "the label also includes the flavors." (Def.'s Br. at 2-3.)  However, contrary to Defendant's representation here, the label does not use the words 'flavor' or 'flavors'.  (*Id.*, see Ex. 1 to Def.'s RJN, at 2.)

In fact, of the five product packages that Plaintiff cites in her Complaint, none include the word 'flavor', or any derivation thereof, in describing the product. (Compl., ¶¶ 25(a-e).)  Defendant asks the Court to take judicial notice of the product labels that form the basis of Plaintiff's claims, and of the language that Defendant uses on those packages in describing their contents. (Def.'s Br. at 3.) Plaintiff joins that request: The word 'flavor' does not appear on any of the packages in the Complaint.  (*See* Compl., ¶¶ 25(a-e) for clear and complete images of each label.)

**B.    The Word "Candy" On Defendant's Labels**

Defendant also wrongly asserts that the accused labels here are "Candy Labels" (Def.'s Br. at 2), and that it "repeatedly states" on the packaging "in prominent lettering and position on its labels" that the product is candy. (Def.'s Br. at 5.)

In fact, while the product they contain *is* candy, four of the five package labels do not state that they contain candy. (Compl., ¶¶ 25(a-d).)  Those four packages are labeled as containing Fruit Snacks, Organic Fruit Snacks, Fruit Chews, and Gummy Fruits.  *Id.*  This Court "need not accept" factual assertions that are "contradicted by judicially noticeable facts." *Factory Direct Wholesale, LLC v. iTouchless Housewares & Products, Inc.* 411 F.Supp.3d 905, 913 (N.D. Cal. 2019) citing *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  The Court can see for itself that

Defendant does not "repeatedly state[]" on its packaging that the contents are candy, no matter Defendant's repetition of that word in its argument.

Moreover, contrary to Defendant's assertion, there plainly is no "prominent lettering" that identifies the Fruit Snacks as "candy." In fact, that word does not appear at all on Defendant's "Organic Fruit Snacks" or "Fruit Chews" (Compl. ¶¶ 25(a&c); appears on the side panel and in small print on the "Organic Tropical Fruit Snacks" (*Id.*, ¶ 25(b)); and appears in a type size many times smaller than anything else on the package at the very top of the back of the package (*Id.*, ¶ 25(d&e)), and one of these is printed on the portion of the label which a consumer must tear off and throw away and is partially obscured by the package's closure mechanism. (*Id.*, ¶ 25(d)). Finally, on the labels which do include the word candy, it is used only to describe Defendant's products generally, not of the packages' contents specifically.

Defendant is factually wrong in its submissions: its labels do not, in fact, describe the contents as candy. No "prominent position" directs a consumer's attention to the word "candy" on Defendant's packages of candies. Plaintiff asks the Court to take judicial notice of these facts. *Factory Direct*, 411 F.Supp.3d at 913.

Having first corrected Defendant's false assertions of fact, Plaintiff shows below that the allegations in her Complaint adequately state claims under California's consumer protection laws which are not preempted, and that she has standing to seek an injunction. Defendant's motion is wrong on the facts and the law and should be denied.

## ARGUMENT

Determination of whether a business practice is deceptive under California consumer protection laws generally requires the "weighing of evidence" from both sides, and is thus "usually a question of fact that is inappropriate for decision on demurrer or a motion to dismiss." *Organic Consumers Association v. Sanderson Farms, Inc.* 284 F.Supp.3d 1005, 1014 (N.D. Cal. 2018) [quoting *Williams v. Gerber Prod.* Co., 552 F.3d 934 (9th Cir. 2008), and citing *Linear Tech. Corp.*

GOOD GUSTAFSON AUMAIS LLP

*v. Applied Materials, Inc.*, (2007) 152 Cal.App.4th 115].)

Violations of the UCL, FAL, and CLRA, like those here, "raise[] questions of fact that are appropriate for resolution on a motion to dismiss only in 'rare situations'." *Reid v. Johnson & Johnson* 780 F.3d 952, 958 (9th Cir. 2015) [quoting *Williams*]. Dismissal of UCL, FAL and CRLA claims on the pleadings is, therefore, normally not granted, and is appropriate only if the Plaintiff alleges facts which "compel the conclusion" that reasonable consumers "are not likely to be deceived." *Id*. quoting *Chapman v. Skype Inc.* (2013) 220 Cal.App.4th 217; *Broomfield v. Craft Brew All., Inc.*, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017).

As on any Rule 12(b)(6) motion to dismiss, the Court must construe the Plaintiff's allegations "in the light most favorable to the plaintiff" to decide whether Plaintiff has stated a claim. *Hadley v. Kellogg Sales Company*, 273 F.Supp.3d 1052, 1062 (N.D. Cal. 2017) (denying motion to dismiss UCL, FAL and CLRA claims based on allegation that reasonable consumer would have been deceived by breakfast cereal package statement that products were made with "real fruit"). *See also Johnson-Jack v. Health-Ade LLC*, 2022 WL 562827, at *3 (N.D. Cal., Feb. 24, 2022) (denying motion to dismiss, finding that "prominent use of the word 'health'," and designs on label "militate[] in favor of finding that it is plausible that consumers would construe "Health-Ade" to mean healthy"); s*ee also Werbel ex rel. v. Pepsico, Inc.*, 2010 WL 2673860, at *3 (N.D. Cal., July 2, 2010) ("whether a business practice is deceptive generally presents a question of fact not suited for resolution on a motion to dismiss"); *Brady v. Bayer Corp.* (2018) 26 Cal.App.5th 1156, 1164 (same).

## I.    The Complaint Adequately Alleges That Plaintiff Was Misled

Conduct that violates the fraudulent prong of the UCL is normally, as it is here, also a violation of the FAL and the CLRA. *Hadley v. Kellogg Sales Company*, 273 F.Supp.3d 1052, 1063 (N.D. Cal. 2017) [citing *In re Tobacco II Cases* (2009) 46 Cal.4th 298].)  Under all three, conduct is considered deceptive or misleading if it is "likely to deceive" a "reasonable consumer." *Williams*, 552 F.3d at 938.

GOOD GUSTAFSON AUMAIS LLP

– 4 –

As a matter of law, a plaintiff is not required and a reasonable consumer is not "expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Id*. 552 F.3d at 939.  The reasonable consumer test does not require "consumers to investigate the merits of advertising claims."  *Lavie v. Procter & Gamble Co.* (2003) 105 Cal.App.4th 496, 504.  Where, as here, a manufacturer labels its product with the name of a fruit in large letters, "prominently displays large pictures of [a fruit] on the front" of the package, and the product itself is the color of the fruit, all as Defendant has done here, "a reasonable consumer could interpret Defendant's statements and label to imply that the product is indeed" that fruit. *Henderson v. Gruma Corp.*, 2011 WL 1362188, at *12 (C.D. Cal., Apr. 11, 2011).

Plaintiff has clearly pleaded facts showing that Defendant's labels could mislead a reasonable consumer under this standard.  The labels all prominently display images of fruit, the words 'Fruit Snacks' appear in much larger type than anything else on the package, and Defendant's candies are all colored to emulate the fruits pictured on the labels.  (Compl., ¶¶ 25(a-e).)  The Complaint therefore states claims under the UCL, FAL and CRLA.  *Henderson* 2011 WL 1362188, at *12.

Defendant argues it cannot be liable under the consumer protection statutes because, it asserts, its label describes its products as candy. (Def.'s Br. at 2, 5.)  In fact, two of the packages have labels that do not mention candy at all, while the two which have that word use it in a statement about Defendant's products generally, not the product at issue specifically, on the back panel in tiny font much smaller than anything else on the label, and on one of those labels it is partially obscured by the bag closure mechanism.  (Compl., ¶¶ 25(a-e).)  As a matter of law, Defendant's misleading representations on the front of the box are not immunized by "small print on the side of the box," Defendant's argument should be rejected, and its motion should be denied. *Williams*, 552 F.3d at 939.

Defendant also incorrectly asserts that, as a matter of law, "the word [*sic*] 'fruit snacks' and depictions of fruit" on a label are not statements that the product contains fruit, and thus Plaintiff

GOOD GUSTAFSON AUMAIS LLP

could not have been misled. (Def.'s Br. at 4.)  Defendant relies extensively on the federal regulation which governs labels that describe a product's flavor, 21 CFR § 101.22(i) (Def.'s Br. at 4-5; 7-9), and argues that its labels only "describe the flavor" of its products and that "the word 'fruit snacks' simply describes . . . fruit-flavored" candy. (Def.'s Br. at 5.)

Defendant has it exactly backwards.  The regulation on which Defendant relies shows that, as a matter of law, its labels do not describe the product's flavor.  That regulation sets out the specific mandatory language for labels which, as Defendant argues, use pictures to describe a product's flavor but not its ingredients:

> If the label, labeling, or advertising of a food makes any direct or indirect
> representations with respect to the primary recognizable flavor(s), by . . . e.g.,
> depiction of a fruit . . . such flavor shall be declared in the following way:
> (i) If the food is one that is commonly expected to contain a characterizing food
> ingredient, e.g., strawberries in "strawberry shortcake", and the food contains . .
> . an amount of characterizing ingredient insufficient to independently
> characterize the food, or the food contains no such ingredient, the name of the
> characterizing flavor . . . ***shall be immediately followed by the word "flavored"***
> in letters not less than one-half the height . . . e.g., . . . "strawberry flavored
> shortcake".

21 CFR § 101.22(i)(l)(i) [emphasis added].

First, as demonstrated above, the word "flavor" does not appear anywhere on four of the five labels that Plaintiff challenges in her Complaint.  (Compl., ¶¶ 25(a-d).)

As a matter of law, 21 CFR § 101.22(i)(l)(i) describes what a label must say to make "flavoring" claims, and the labels here do not say it.  Defendant's labels do not say "Fruit Flavored Snacks."  The word "fruit" is not otherwise "followed by the word 'flavored'" anywhere on the label. Its labels do not, as a matter of law, describe the flavor of Defendant's products.

Second, Defendant relies on *Mckinnis v. General Mills, Inc.,* 2007 WL 4762172 (C.D. Cal. Sept. 18, 2007), where the labels did not have the word "fruit snacks" and those words were not at

issue. *Id.*, at *1 (challenging packages for "cereal and yogurt products" sold as various types of Trix and Cheerios branded cereal, and as Trix and Yoplait branded yogurt). Indeed, the words "snack" and "snacks" do not appear anywhere in *Mckinnis*, where the court examined a label, which unlike here complied with the requirements of 21 CFR § 101.22(i)(l)(i), on a box of Cheerios. The box there used the words "Natural Fruit Flavors" and "Flavored with Real Fruit Juice" in describing a product named "Fruity Cheerios." *McKinnis*, 2007 WL 4762172, at *4.

Finding that the label complied with the regulation by using the word "Flavored" immediately after the word "Fruit," as required, the court held that an image of a "purple Cheerio "fruit'" was not an "affirmation that the product contains any fruit at all." *Id*. Here, the label does not comply with the regulation because it does not use the word "Flavored" immediately after the word "Fruit," and consequently neither 21 CFR § 101.22(i)(l)(i) nor *McKinnis* support Defendant's argument.

Defendant's other cases also do not show that its "Fruit Snacks" labels are not misleading. *Lam v. General Mills, Inc.* 859 F.Supp.2d 1097 (N.D. Cal. 2012) is inapplicable for the same reason as *McKinnis*. The packaging there included "a statement identifying the product as a "fruit flavored snack" and "strawberry natural flavored." (*Id*., 859 F.Supp.2d at 1100.) In *Werbel*, 2010 WL 2673860, at *3, the label had no "depictions of any fruit on the cereal box" and "the packaging clearly state[d] that the product is a 'SWEETENED CORN & OAT CEREAL'."

The controlling regulations further provide that when a product's natural flavor is not derived from the named ingredient, the food "shall be labeled either with the flavor of the product from which the flavor is derived or as "artificially flavored." 21 CFR § 101.22(i)(l)(ii). Defendant here "repeatedly states that its fruit snacks products are simply . . . 'colored with real fruit and vegetable juices'." (Def.'s Br. at 5.) Though Defendant asserts the flavoring in its candy is not derived from fruit, none of the labels at issue contain the required "artificially flavored" language. Defendant's failure to comply with § 101.22(i)(l)(ii) is further evidence that its labels are likely to mislead a

– 7 –

GOOD GUSTAFSON AUMAIS LLP

reasonable consumer.

## II.   The Complaint Adequately Alleges That Plaintiff Relied on Defendant's Misleading Representations and That Reasonable Consumers Would Be Misled

Defendant wrongly argues for dismissal on the incorrect basis that Plaintiff has not adequately plead reliance.  Defendant is wrong.  "[T]o state a claim under the UCL one need not plead and prove the elements of a tort.  Instead, one need only show that 'members of the public are likely to be deceived.'" *Paduano v. American Honda Motor Co., Inc.* (2009) 169 Cal.App.4th 1453, 1469 [citing and quoting *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1267]; *Pappas v. Chipotle Mexican Grill, Inc.*, 2016 WL 11703770, at *4 (S.D. Cal., Aug. 31, 2016); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 967 (S.D. Cal. 2012) (same); *C.f.*, *Sonner v. Schwabe North America, Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) (plaintiff's trial burden under the UCL is limited to proof that "a challenged advertisement is false or misleading").

Moreover, Plaintiff has adequately pled actual reliance for UCL and FAL standing purposes.  She alleges that "prior to and at the time of purchase, she relied on Defendant's" labels, specifically that its products "contained the real fruit that Defendant emphasized in the marketing and on the labeling of the Product."  (Compl. ¶ 17(b).)  Plaintiff also alleges that "had [she] known the truth . . . [she] would not have purchased the Products at a premium price." (*Id.*, ¶ 17(d.)

Under these circumstances, "an inference of reliance arises when there is a showing that a reasonable person would attach importance to a misrepresentation's existence or nonexistence in determining h[er] choice of action."  *Henderson*, 2011 WL 1362188, at *5 (holding complaint adequately alleged reliance "Plaintiffs alleged they read and relied on" the misleading labels). Further, where as here a plaintiff alleges that a long-term advertising campaign influenced her decision, she "is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements." *In re Tobacco II Cases* (2009) 46 Cal.4th 298, 328.

–8 –

GOOD GUSTAFSON AUMAIS LLP

Defendant relies only on *Brown v. Starbucks*, WL 996399, at *1 (S.D. Cal., Mar. 1, 2019). The *Brown* court carefully considered the facts alleged in the complaint, including a picture of the front panel label, finding that it stated "Apple, watermelon, tangerine and lemon *flavored candies*." *Id.*, at *1 [emphasis added]. The court relied on and reproduced an image of the transparent cellophane packaging, which, unlike here, displayed no images of fruit and clearly revealed sugar-coated candies. As *Brown* noted, viewing an image of the package is instructive:



*Id.*, at *1.

Defendant's labels do not reveal the actual product as the *Brown* package did, instead using fairly realistic images of fruit, and do not identify its product as candy:



(Compl., at ¶ 25(a).) The labels here are very different from that in *Brown* and the findings there do not support Defendant's argument here.

Given these facts, dismissal at this stage is not appropriate here. The *Lam* court denied a motion to dismiss because the names "Fruit Roll–Ups" and "Fruit by the Foot," were accompanied by a "fanciful depiction of the products," finding that this combination "may lead to further confusion about the Fruit Snacks' ingredients." *Lam,* 859 F.Supp.2d at 1104. It held that "[a]fter

–9–

**GOOD GUSTAFSON AUMAIS LLP**

seeing these prominent aspects of the packaging, a reasonable consumer might be surprised to learn" that they did not contain real fruit and denied Defendant's motion.  *Id*.  The same prominent aspects appear on the labels here, in the same combination, and the result should be the same here.

Likewise, where salad "dressings all referenced olive oil on their front labels," and plaintiffs were "upset when they discovered that each dressing contained significantly more vegetable or canola oil than olive oil," the court refused to dismiss although the dressings did in fact contain olive oil.  *Skinner v. Ken's Foods, Inc.* (2020) 53 Cal.App.5th 938, 948–949, reh'g denied (Sept. 16, 2020), review denied (Nov. 18, 2020).

Similarly, in *Brady v. Bayer Corp.* (2018) 26 Cal.App.5th 1156, the name on the front of a bottle of vitamin gummies declared "One A Day."  Although the back of the bottle told consumers that in fact two gummies a day are required – in language appearing, as here, "in the smallest lettering on the bottle, an ocular challenge even when the bottle is full-sized and held in good light" – the court held that language was not "enough to overcome the prominent" name on the front label, and reversed dismissal.  *Id*., at 1161-1162.  Here, Defendant argues that Plaintiff's claims are implausible on the basis that if she wanted "candy with fruit in it she would have looked at the ingredients," (Def.'s Br. at 6) but the *Brady* court rejected as "untenable" precisely that argument. *Brady*, 26 Cal.App.5th at 1160 (rejecting argument that a "hypothetical "reasonable consumer" would, as a matter of law, examine the makeup" of the product).  Indeed, *Brady* held that "[w]e could not disagree more" with the exact argument Defendant makes here, that "it is implausible that a purchaser would not look at the label to see what [is] included and in what quantity." *Id*., 26 Cal.App.5th at 1174 (criticizing the reasoning and rejecting the holding in *Goldman v. Bayer AG* 2017 WL 3168525 (N. D. Cal. 2017).

These cases demonstrate that Defendant is incorrect and that Plaintiff has adequately plead that reasonable consumers are likely to be misled by Defendant's labels.  That is the legal standard, Plaintiff has met it, and Defendant's motion should be denied.

–10–

### III.   Plaintiff Can Recover Under Both the Overpayment and Benefit of the Bargain Theories

As Defendant acknowledges, Plaintiff alleges that she "paid a premium price" for its products because they were labeled as 'Fruit Snacks', and that she would not have paid such a price if the labels had truthfully divulged them to be candy.  (Def.'s Br. at 6, citing Compl. at ¶¶ 84, 86(b).) Defendant argues that Plaintiff's claims fail because she "does not allege that any specific statement" is literally false, citing *McGee v. S-L Snacks Nat'l*, 982 F.3d 700 (9th Cir. 2020).

Again, Defendant is wrong.  The Ninth Circuit does not require allegations of a literally false statement in pleading UCL, FAL and CLRA claims.   Moreover, *McGee* states that a "misrepresentation," not a literally false statement as Defendant incorrectly argues here, is the "key element" required to plead an overpayment theory.  *McGee*, 982 F.3d at 707 (requiring that plaintiff plead "a key element of our overpayment cases—a defendant's misrepresentations about a product").  That is the precise allegation that Plaintiff makes here.  (Compl. at ¶¶ 84, 86(b).) Further, the court there explicitly declined to hold as Defendant argues here.  *Id.*, 982 F.3d at 707 ("we need not decide whether, in the absence of a misrepresentation, an overpayment theory of economic injury is viable").  *See also, Henderson* 2011 WL 1362188, at \*4–5 (Plaintiffs who alleged "they would not have purchased the two products at the price they paid absent the advertisements with the alleged misstatements" adequately plead injury); *McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1472 (holding that the statement's literal truth "does not preclude a finding it is deceptive" and remanding with directions to overrule demurrer).

*McGee* is also factually inapplicable here.  The plaintiff there did not allege that the defendant "made any representations about [product] safety," and on that basis the court held plaintiff's safety-related "assumptions were not included in the bargain, particularly given the labeling disclosure that the product contained artificial trans fat."  *Id.*, at 706.  Here, Plaintiff alleges that Defendant's misleading statements that the products are "Fruit Snacks" caused her to pay a premium because

–11–

GOOD GUSTAFSON AUMAIS LLP

they are "labeled and advertised as containing real fruit." (Compl. ¶¶ 84, 86(b).)  Plaintiff has alleged facts that show overpayment, and *McGee* provides no basis for dismissal.

Defendant finally argues that Plaintiff cannot recover under a benefit of the bargain theory, because, it claims, she received "exactly what YumEarth advertised . . . gelatinous fruit flavored candy." (Def.'s Br. at 6.)   As shown above, Defendant did not, either in fact or as a matter of law, advertise "gelatinous fruit flavored candy" on its product labels.   (*See, supra*, pp. 2-3; 7-9.) Defendant's product labels themselves show that Plaintiff bargained not for "flavored candy" but for "Fruit Snacks."

Moreover, Plaintiff alleges that she "paid a premium for the Products" when she could have purchased less expensive products instead.  (Compl., ¶ 84.)  A plaintiff may allege injury and standing under the benefit of the bargain theory by alleging that a product "was worth less than what [s]he paid for it," *Hall v. Time Inc.* (2008) 158 Cal.App.4th 847, 855, as modified (Jan. 28, 2008), exactly as Plaintiff alleges here.  A plaintiff who alleges that she "expend[ed] money due to the defendant's acts of unfair competition" has sufficiently plead injury in fact and standing.  *Aron v. U–Haul Co. of California* (2006) 143 Cal.App.4th 796, 802–803 (plaintiff's allegation that he was required to purchase excess fuel when returning rental truck was sufficient to plead injury in fact and standing); *see also Kwikset Corp. v. Sup. Ct.*, (2011) 51 Cal.4th 310, 329 (2011) ("A consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy the standing requirement of section 17204 by alleging, as plaintiffs have here, that he or she would not have bought the product but for the misrepresentation."). Plaintiff's allegations show that she could recover under both the benefit of the bargain and overpayment theories.  Defendant's motion should be denied.

## IV.    Plaintiff's Claims Are Not Preempted

Defendant argues that Plaintiff's claims are preempted because 21 CFR § 101.22 governs its labels.  Defendant acknowledges as it must that a State law claim is only preempted by federal statute

–12–

GOOD GUSTAFSON AUMAIS LLP

and the applicable FDA regulations if the State claim would establish a requirement that is "not identical" to those regulations.  (*See* 21 USC § 343-1(a)(3); Def.'s Br. at 7.)  Plaintiff's claims here do not seek to impose any "not identical" requirement, and her claims are thus not preempted.

First, the Court must be mindful of the strong presumption against preemption.   "In all preemption cases . . . we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996).  Where an action implicates a State's "regulation of health and safety, including laws regulating the proper marketing of food," such as here, that presumption "is a strong one."  *Gustavson v. Wrigley Sales Company*, 961 F.Supp.2d 1100, 1117 (N.D. Cal. 2013) (rejecting preemption argument).

The FDA regulations specify that "not identical" means the state law claim "directly or indirectly imposes obligations or contains provisions concerning the composition or labeling of food, or concerning a food container, that: (i) [a]re not imposed by or contained in the applicable provision ... or (ii) [d]iffer from those specifically imposed by or contained in the applicable provision." 21 C.F.R. § 100.1(c)(4). However, "[w]here a requirement imposed by state law effectively parallels or mirrors the relevant sections of the NLEA, courts have repeatedly refused to find preemption." *Chacanaca v. Quaker Oats Co.*, 752 F.Supp.2d 1111, 1118 (N.D.Cal. 2010).  *See also Leonhart v. Nature's Path Foods, Inc.*, 2014 WL 1338161, at *6 (N.D.Cal., Mar. 31, 2014) ("a plaintiff's claims need not fail on preemption grounds if the requirements she seeks to impose are identical to those imposed by the FDCA and the NLEA amendments").  Plaintiff seeks to impose only labelling requirements that are identical to those mandated by federal law and regulation.

Here, as shown above, Defendant's labels indisputably do not comply with 21 CFR § 101.22(i)(l)(i).  Defendant cannot dispute that this FDA regulation requires it to use the word "Flavored" immediately after the word "Fruit" on its labels, and the Court can take judicial notice of the fact that none of Defendant's labels do so. *Haywuan Yu v. Dr. Pepper Snapple Grp., Inc.*,

–13–

GOOD GUSTAFSON AUMAIS LLP

2020 WL 5910071, at * 3 (N.D.Cal. Oct. 6, 2020).  "With regard to these claims, [Plaintiff] is suing for conduct that violates the FDCA, so her claims are not expressly preempted."  *Gustavson v. Wrigley Sales Company*, 961 F.Supp.2d 1100, 1119 (N.D. Cal. 2013).  *See also Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 373 (N.D.Cal.2010) (same).  Plaintiff here too is suing based on label language that violates the FDCA, so her claims too are not preempted.

The plaintiff in *Clark v. Perfect Bar, LLC*, 816 Fed.Appx. 141 (9th Cir. 2020), did not allege a label that violated the FDA regulations.  Rather, the claim there was based on the label's representations that the product was a generally healthy food, which the plaintiff claimed was misleading due to high sugar levels.  *Id.*, at 142.  Noting that sugar is excluded from the FDA regulation enumerating "nutrient levels that may preclude a product from making health claims," the court held that "a claim of misbranding under California law based on misleading sugar level content" was preempted.  *Id*.  Plaintiff's claim would not require a product to be labeled with any language or in any way not already required by 21 CFR § 101.22 and it is thus not preempted.

Likewise in *Dvora v. General Mills, Inc.*, 2011 WL 1897349 (C.D. Cal., May 16, 2011), "the front panel . . . plainly states, consistent with federal regulations, that the cereal [wa]s 'flavored'."  *See also Lam*, 859 F.Supp.2d at 1103 (statements that the Fruit Snacks are 'fruit flavored' and 'naturally flavored'"); *Jonathan Chuang v. Dr. Pepper Snapple Group, Inc.*, 2017 WL 4286577, at *5 (C.D.Cal., Sept. 20, 2017) (label declared the contents to be "fruit flavored snacks"); *Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877, 891 (C.D. Cal. 2013)  (claim "challeng[ed] 'natural flavors' labels, accompanied by images or names of fruit").  Here, Defendant's labels do not say "Flavored."  A finding of liability here would not directly or indirectly impose any requirement or obligation that is not identical to that imposed by the FDA regulation, and Plaintiff's claim is therefore not preempted.  Defendant's motion should be denied.

## V.    Plaintiff Has Standing to Seek An Injunction

Finally, Defendant incorrectly asserts that Plaintiff "has not alleged that she wishes to

—14—

purchase the products again," and it incorrectly argues on that basis that she lacks standing to seek injunctive relief.  (Def.'s Br. at 11.)  Defendant is wrong. In fact, Plaintiff specifically alleges that if "the Products were no longer deceptively labeled, Plaintiff would purchase the Products again in the future." (Compl. at ¶ 17(d).)  Defendant relies on *Gasser v. Kiss My Face, LLC*, 2017 WL 4773426 (N.D. Cal., Oct. 23, 2017).  Plaintiffs there alleged that "they would not purchase the Products again if the unnatural ingredients remain."  *Id*., at 3. As the court there noted, the plaintiffs' "injunctive relief is limited to having the label accurately reflect the product's contents."  *Id*., at *4.  That is exactly the injunctive relief Plaintiff seeks here.  Defendant invites the Court to ignore Plaintiff's explicit allegation that she would purchase the product again if it is accurately labeled, but this Court cannot do so.  *Hadley*, 273 F.Supp.3d at 1062 ("on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party" [internal quote omitted].)  Defendant's motion should be denied in its entirety.

<u>CONCLUSION</u>

In this class action involving UCL, FAL and CLRA claims, Plaintiff is required to plead facts that show reasonable consumers would likely be misled by the representations on Defendant's labels. Plaintiff has done so, as prior decisions in this District and in California state courts demonstrate. No requirement not identical to FDA regulations would be imposed by enforcing California's consumer protection statutes here, and Plaintiff's claims are not preempted.  Finally, because Plaintiff desires to and would purchase Defendant's products if they were accurately labeled, she has standing to seek an injunction requiring those products to be labeled in a manner compliant with federal regulations.  For all of these reasons, Defendant's motion should be denied.

Dated: August 19, 2022

**GOOD GUSTAFSON AUMAIS LLP**

*/s/ J. RYAN GUSTAFSON*
J. RYAN GUSTAFSON
*Attorney for Plaintiff and the Proposed Class*

GOOD GUSTAFSON AUMAIS LLP

–15–