UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MARINO,<br><br>        Plaintiff,<br><br>    v.<br><br>YUMMYEARTH, INC.,<br><br>        Defendant. | Case No. 22-cv-02739-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

       The motion to dismiss is denied. This ruling assumes that the reader is familiar with the record and the arguments made by the parties.

       1. *Judicial Notice.* YummyEarth asks the Court to take judicial notice of a version of the label of its Organic Fruit Snacks, and Marino does not object. While the request for judicial notice is granted, this order relies primarily on the label included in the complaint because that is the version Marino allegedly relied on. *Hawyuan Yu v. Dr Pepper Snapple Group., Inc.*, No. 18-CV-06664, 2020 WL 5910071, at *3 (N.D. Cal. Oct. 6, 2020).[1]

       2. *Preemption.* YummyEarth argues that Marino's claims are expressly preempted by the FDCA because its labels comply with the FDA's regulations. *See, e.g., Dvora v. General Mills, Inc.*, No. CV 11-1074, 2011 WL 1897349, at *4 (C.D. Cal. May 16, 2011). But Marino has plausibly alleged facts to support a conclusion that the labels are out of compliance. "[I]f the name of the product leads consumers to expect it will contain a 'characterizing ingredient,' say

---

[1] Of all the versions of its labels, it seems that YummyEarth has cherry-picked the one least likely to be misleading. Unlike the label pictured in the complaint, the label attached to the request for judicial notice does not include depictions of actual fruit.

'strawberries in a "strawberry shortcake,"' [and] the product does not have enough of that ingredient to 'independently characterize' the food," the FDA requires that the characterizing ingredient be followed by the word "flavored." *Stansfield v. Minute Maid Co.*, 124 F. Supp. 3d 1226, 1236 (N.D. Fla. 2015) (citing 21 C.F.R. § 101.22(i)(1)(i)). YummyEarth's snacks do not comply with this requirement: they are labeled "fruit snacks," rather than "fruit flavored snacks."[2] The crux of Marino's claim is that she expected the fruit snacks to contain fruit, meaning they would fall under this regulation. And this regulation has already been applied to fruit snacks specifically. *See Lam v. General Mills, Inc.*, 859 F. Supp. 2d 1097, 1102–03 (N.D. Cal. 2012). Because Marino's claims are based on an alleged violation of the FDA's regulations, the claims are not expressly preempted. *Brown v. Van's International Foods, Inc.*, No. 22-CV-00001-WHO, 2022 WL 1471454, at *6 (N.D. Cal. May 10, 2022).

      3. *Marino's Claims.* YummyEarth next argues that its labels are not misleading. "[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision on [a motion to dismiss]." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Marino has offered enough to plausibly suggest that the labels could be deceive a reasonable consumer. As in *Williams v. Gerber Products, Co.*, the product name includes the term "fruit," and the packaging depicts "a number of different fruits, potentially suggesting (falsely) that those fruits or their juices are contained in the product." *Id.* at 939. While the fruit snacks do contain fruit juice, the labels are still potentially misleading because that juice comes from different fruits than those depicted. *See id.* at 936.

      4. *Standing.* Because the labels are potentially misleading and Marino has plausibly alleged that she relied on those labels, she has standing to bring her claims. *See Paschoal v. Campbell Soup Co.*, No. 21-CV-07029, 2022 WL 4280645, at *5 (N.D. Cal. Sept. 15, 2022). Marino has also plausibly alleged that she will be harmed again in the future, and so she has standing to seek injunctive relief. *See id.*

---

[2] YummyEarth claims that it complies with this regulation because one of its labels says "4 flavors" on it. That is clearly noncompliant.

**IT IS SO ORDERED.**

Dated: November 3, 2022

VINCE CHHABRIA
United States District Judge