PLAINTIFF'S COUNSEL

**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson (220802)
Christopher T. Aumais (249901)
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel: (310) 274-4663
cta@ggallp.com


**SHENAQ PC**
Amir Shenaq, Esq. (*pro hac vice forthcoming*)
3500 Lenox Road, Ste. 1500
Atlanta GA 30326
Tel: (888) 909-9993
amir@shenaqpc.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq. (*pro hac vice* forthcoming)
100 S Commons, Ste. 102
Pittsburgh, PA 15212
Tel.: 888-412-5291
stkeeton@keetonfirm.com

DEFENDANT'S COUNSEL

BRAUNHAGEY & BORDEN LLP

Matthew Borden, Esq. (SBN: 214323)
borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
kwasniewski@braunhagey.com
Tracy O. Zinsou (SBN: 295458)
zinsou@braunhagey.com
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MARINO, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YUMMYEARTH, INC.,<br><br>Defendant. | Case No. 3:22-cv-02739-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  November 30, 2022<br>Time:  1:00 p.m.<br>Courtroom: 4, 17th Floor<br>Judge:  Hon. Vince Chhabria |

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiff Jennifer Marino and Defendant YummyEarth, Inc., (collectively, the "Parties") hereby submit their Joint Case Management Statement pursuant to Federal Rules of Civil Procedure

26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California.

### 1. JURISDICTION AND SERVICE

There are no disputed issues regarding personal jurisdiction or venue in this matter, and service is complete.

Plaintiff's Position:

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because, if a class is certified, there will be more than 100 class members and the aggregate amount in controversy will exceed $5,000,000, exclusive of interest, fees, and costs, and at least one member of the class will be a citizen of a state different from Defendant.

Defendant's Position:

Yummy Earth, Inc. ("YumEarth") contests that any class can be certified in this action.

### 2. FACTS

Plaintiff's Statement

Plaintiff and millions of Class Members purchased Defendant's Products after strolling through the store aisle and relying upon Defendant's prominent fruit representations. Instead of receiving a snack containing real fruit from the fruits depicted and referenced on the Products' packaging, Plaintiff and Class Members received Products devoid of real fruit and packed with high levels of sugar.

Ms. Marino filed the Complaint on May 8, 2022 (Dkt. 1)("Complaint") on behalf of herself and those similarly situated. This action is brought against Defendant for violations of consumer protection and warranty laws from Defendant's false, deceptive, and unlawful marketing and sales of the Products.

Defendant's Statement

For over 15 years, YumEarth has made organic and allergy-friendly candy colored with fruit and vegetable juices, instead of artificial ingredients. YumEarth's line of organic candy includes fruit snacks, which are fruit-shaped, fruit-flavored, jellybean-like candies that are colored with fruit and vegetable juice concentrate. YumEarth's product labels comply with all applicable

federal and state food labeling regulations.

Plaintiff is a captive litigant whose lawyers have iteratively filed the same copy-and-paste complaint. She brings this "false advertising" case without pointing to any statement that is false. She alleges that she was misled into buying YumEarth's candy because she thought it contained fruit. She claims that she relied on the grinning pieces of cartoon fruit on the label, the images of the fruit-shaped candy, and the name "fruit snacks" to form this belief, all the while ignoring the most obvious way to know the ingredients—reading the ingredients. Plaintiff did not believe that the candy contained material amounts of fruit. The product actually contains fruit, and, in any event, the amount of fruit that can fit in a jellybean did not drive Plaintiff's purchasing decision.

### 3. Legal Issues

<u>Plaintiff's Position</u>

Plaintiff has suffered injuries from Defendant's unlawful, unfair, deceptive, and fraudulent conduct that are properly resolved before this Court. Additionally, this action satisfies all the requirements of class certification under Rule 23.

On behalf of the California Class, Plaintiff alleges that Defendant has violated the UCL, the FAL, and the CLRA. In addition, on behalf of the Nationwide Class, Plaintiff alleges breach of express and implied warranties in connection with the sale of consumer goods. Additionally, on behalf of the Nationwide Class, Plaintiff makes claims for unjust enrichment.

<u>Defendant's Position</u>

Plaintiff's complaint alleges causes of action under California's Unfair Competition Law ("UCL"), California's False Advertising Law ("FAL"), California's Consumer Legal Remedies Act ("CLRA"), Breach of Express Warranty, Breach of Implied Warranty of Merchantability, and Unjust Enrichment. There are legal issues regarding Plaintiff's standing, reliance, injury, and class certification. The disputes in this action will include whether Plaintiff can prove any of the substantive elements of her claims, whether she has suffered any injury, and whether a class of consumers all bought any of YumEarth's delicious, organic candy products because each one of them uniformly relied on some statement that was supposedly untrue.

**4. Motions**

Defendant's Motion to Dismiss was filed on July 22, 2022 (Dkt. No. 18). The Court denied the motion on November 3, 2022 (Dkt. No. 33). There are no motions currently pending in this matter. YumEarth anticipates filing a motion for summary judgment.

In addition to any discovery motions the Parties may bring, Plaintiff anticipates that she will file a motion for class certification at the end of the fact discovery period, and both Parties anticipate they may file motions for partial or complete summary judgment. The Parties may also file Daubert motions, depending on the Parties' expert disclosures.

**5. Amendment of Pleadings**

Plaintiff's Position

Amendment of the pleading, if any, shall be completed no later than February 28, 2023.

Defendant's Position

No further amendment of the pleadings should be permitted.

**6. Evidence Preservation**

The Parties and their attorneys are aware of and are taking reasonable steps to comply with their evidence preservation obligations under the Federal Rules of Civil Procedure, including through the implementation of a litigation hold for all pertinent employees currently deemed likely to have relevant documents in their possession.

**7. Disclosures**

Per the Parties' agreement, the Parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) no later than December 30, 2022.

**8. Discovery**

The Parties have not yet served discovery. The Parties will promptly meet and confer regarding the scope of discovery and pursuant to the Northern District's Guidelines for the Discovery of Electronically Stored Information. The Parties will also discuss entry of a Stipulated Protective Order at that time, given that, should this action proceed in this Court, the Parties anticipate it will likely involve the production of confidential information. The Parties believe that the limits on discovery set by the Federal Rules of Civil Procedure are appropriate for this case.

Plaintiff's Statement

Plaintiff will propound document requests, interrogatories, and requests for admission. Plaintiff will also depose corporate representatives of Defendant pursuant to Federal Civil Procedure Rule 30(b)(6) as well as employees of Defendant in their individual capacity. Plaintiff will also depose any experts that Defendant will use in this matter. The subjects of Plaintiff's discovery may include, among other subjects, the sales, marketing, and manufacturing of the Products.

Defendant's Statement

YumEarth intends to depose Plaintiff, third parties, and, if necessary, any experts that Plaintiff uses in this action. YumEarth also intends to propound written discovery.

**9. Class Actions**

Plaintiff proposes that Plaintiff file the motion for class certification no later than July 10, 2023. Plaintiff further proposes a briefing schedule where Defendant will file its opposition within 30 days of this date and Plaintiff will file her reply 30 days thereafter.

YumEarth proposes the schedule set forth in section 17 below.

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

**10. Related Cases**

There are no related cases to this action.

**11. Relief**

Plaintiff's Statement

Plaintiff seeks both monetary and injunctive relief. Plaintiffs intend to utilize damage experts to determine the amount of relief.

Defendant's Statement

YumEarth denies that Plaintiff has been harmed or damaged in any amount and denies that Plaintiff is entitled to any relief whatsoever.

**12. Settlement and ADR**

The Parties have met and conferred regarding ADR possibilities and have filed their ADR

Certifications (Dkt. No. 19.) The Parties have not yet stipulated to an ADR process, but will revisit these discussions as the case develops. Given that the Parties have not yet stipulated to an ADR process, the Parties indicated on their ADR Certifications that they are willing to discuss ADR selection with the Court during the Case Management Conference in this matter, should the Court so desire.

YumEarth's preferred method of ADR is use of a mediator from the Northern District of California's Mediation Program after fact discovery has closed.

Plaintiff's preferred method of ADR is use of a mutually agreed upon mediator and proposes that mediation occur during the later stages of fact discovery.

**13. Consent to a Magistrate Judge for All Purposes**

The Parties did not jointly consent to Magistrate Judge jurisdiction. (Dkt. No. 14.)

**14. Other References**

The Parties do not believe that it is suitable for reference to any other tribunal or judge at this time.

**15. Narrowing of the Issues**

The Parties do not believe any issue can be narrowed at this time.

**16. Expedited Trial Procedure**

The Parties do not believe that this matter is appropriate for Expedited Trial Procedure.

**17. Scheduling**

Plaintiffs' Position:

| | |
|---|---|
| DEADLINE TO AMEND PLEADINGS: | February 28, 2023 |
| CLASS CERTIFICATION FACT DISCOVERY CUTOFF: | July 10, 2023 |
| FACTUAL DISCOVERY CUTOFF: | Three months after the court's decision on the Class Certification motion. |
| CLASS CERTIFICATION EXPERT DISCLOSURES: | July 10, 2023 |
| CLASS CERTIFICATION REBUTTAL EXPERT DISCLOSURES: | 30 days after Class Certification motion. |

| | |
|---|---|
| CLASS CERTIFICATION EXPERT DISCOVERY CUTOFF: | 23 days after Defendant's Opposition to Class Certification. |
| NON-CLASS MERITS EXPERTS DISCOVERY: | To be determined after the court's decision on the Class Certification motion. |
| CLASS CERTIFICATION MOTIONS: | July 10, 2023 |
| OPPOSITION BRIEFS: | 30 days thereafter. |
| REPLY BRIEFS: | 30 days thereafter. |
| DEADLINE FOR DISPOSITIVE MOTIONS: | To be determined after the court's decision on the Class Certification motion. |
| JOINT PRETRIAL ORDER: | To be determined after the court's decision on the Class Certification motion. |
| FINAL PRETRIAL CONFERENCE: | To be determined after the court's decision on the Class Certification motion. |
| TRIAL: | To be determined. |

Defendant's Position:

| Event | Date |
|---|---|
| Fact discovery cut off | July 3, 2023 |
| Deadline to file class certification motion | July 10, 2023 |
| Class certification opposition | August 21, 2023 |
| Class certification reply | September 18, 2023 |
| Class certification hearing | October 2, 2023 |
| Deadline for expert reports | October 30, 2023 |
| Rebuttal expert reports | November 17, 2023 |
| Close of expert discovery | December 11, 2023 |
| Deadline for dispositive motions | January 16, 2024 |
| Joint pretrial conference order | To be determined after dispositive motions decided |
| Final pretrial conference | Three months after dispositive motions decided |
| Trial | Two weeks after pretrial conference |

6

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:22-cv-02739-VC

**18. Trial**

Plaintiff has demanded a jury trial on all matters so triable. However, until a class is certified and the scope of triable issues is narrowed, if any, the Parties believe that it is premature to assess potential trial length at this time.

**19. Disclosure of Non-Party Interested Entities**

The Parties will file their Certification of Interested Entities or Persons.

Plaintiff's Statement

Pursuant to Civil Local Rule 3-15 and Fed. R. Civ. P. Rule 7.1, Plaintiff will file a Certification of Interested Entities or Persons.

Defendant's Statement

Pursuant to Civil Local Rule 3-15 and Fed. R. Civ. P. Rule 7.1, YumEarth will file a Certification of Interested Entities or Persons.

**20. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

The Parties do not anticipate any other matters at this time.

Dated: November 23, 2022           BRAUNHAGEY & BORDEN LLP


                                    /s/ Tracy O. Zinsou

                                   Tracy O. Zinsou
                                   Attorneys for Defendant

Dated: November 23, 2022                    **GOOD GUSTAFSON AUMAIS LLP**

                                              /s/ *John Ryan Gustafson*

                                            John Ryan Gustafson (220802)
                                            Attorneys for Plaintiff