Matthew Borden, Esq. (SBN: 214323)
   borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
   kwasniewski@braunhagey.com
Tracy O. Zinsou, Esq. (SBN: 295458)
   zinsou@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

*Attorneys for Defendant
YummyEarth, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MARINO,<br><br>    Plaintiff,<br><br>v.<br><br>YUMMYEARTH, INC.,<br><br>    Defendant. | Case No: 3:22-cv-02739-VC<br><br>**DEFENDANT YUMMYEARTH, INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS; MEMORANDUM IN SUPPORT THEREOF**<br><br>**Date:**    September 14, 2023<br>**Time:**    10:00 a.m.<br>**Judge:**   Hon. Vince Chhabria<br>**Court Rm.:** 4<br><br>**Compl. Filed:** May 8, 2022 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 14, 2023 at 10:00 a.m., in Courtroom 4 of the above-captioned Court, located at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant YummyEarth, Inc. ("YumEarth") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 37 for terminating sanctions against Plaintiff for serially failing to appear for her duly-noticed deposition, or in the alternative, an order preventing Plaintiff from offering any evidence until she appears for her deposition. Defendant further moves this Court for monetary sanctions for Defendant's reasonable attorney's fees incurred in preparing for the deposition and bringing this motion. To date, those fees amount to $9,712.50. (Declaration of Matthew Borden, Esq. ("Borden Decl.") ¶¶ 12-21.)

The Motion is based upon this Notice of Motion, the accompanying Memorandum in support of the Motion, the Declaration of Matthew Borden, Esq., and the files and records in this action and any further evidence and argument that the Court may consider at or before the hearing.

Dated:  July 26, 2023

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: _____
      Matthew Borden

*Attorney for Defendant YummyEarth, Inc.*

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................................ I

TABLE OF AUTHORITIES ............................................................................................................ III

INTRODUCTION ............................................................................................................................ 1

FACTUAL BACKGROUND .............................................................................................................. 2

    A.    Nature of Action ................................................................................................. 2

    B.    Plaintiff's Repeated Failures to Appear for Her Deposition ............................... 2

        1.    Plaintiff Failed to Appear for Deposition on March 8, 2023 ..................... 2

        2.    Plaintiff Failed to Appear for Deposition on July 11, 2023 ....................... 3

    C.    YumEarth's Follow-Up Efforts .......................................................................... 3

ARGUMENT .................................................................................................................................. 4

I.    PLAINTIFF FAILED TO APPEAR FOR HER OWN DEPOSITION ............................................. 4

II.    THE COURT SHOULD IMPOSE SANCTIONS .......................................................................... 5

    A.    The Court Should Impose Terminating or Evidentiary Sanctions ...................... 5

    B.    The Court Additionally Should Impose Monetary Sanctions ............................. 7

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**                                                        **Page(s)**

*Adriana Int'l Corp. v. Theoren*,
  913 F.2d 1406 (9th Cir. 1990) .................................................................................................. 7

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,
  482 F.3d 1091 (9th Cir. 2007) ............................................................................................. 7, 8

*Consumer Fin. Prot. Bureau v. Morgan Drexen, Inc.*,
  101 F. Supp. 3d 856 (C.D. Cal. 2015) ...................................................................................... 9

*Hamilton v. TBC Corp.*,
  No. CV-17-1060, 2018 WL 9815585 (C.D. Cal. Mar. 29, 2018) ............................................ 5

*Hyde & Drath v. Baker*,
  24 F.3d 1162 (9th Cir. 1994) ................................................................................................... 6

*Michael v. Liberty*,
  547 F. Supp. 2d 43 (D. Me. 2008) ........................................................................................... 9

*Nat'l Hockey League v. Metro. Hockey Club*,
  427 U.S. 639 (1976) ................................................................................................................. 9

*P.Y.M.T. v. City of Fresno*,
  No. 1:15-cv-710, 2016 WL 2930539 (E.D. Cal. May 19, 2016) ............................................. 5

*Sanders v. Aranas*,
  No. 1:06-cv-1574, 2008 WL 4845233 (E.D. Cal. Nov. 7, 2008) ............................................. 9

*Wanderer v. Johnston*,
  910 F.2d 652 (9th Cir. 1990) ............................................................................................... 6, 7

*Wyle v. R.J. Reynolds Indus., Inc.*,
  709 F.2d 585 (9th Cir. 1983) ................................................................................................... 9

*Young v. O'Reilly Auto. Stores, Inc.*,
  No. CV-18-1953, 2018 WL 11483058 (C.D. Cal. Oct. 23, 2018) ..................................... 8, 10

**Rules**

Fed. R. Civ. P. 37(d) ............................................................................................................. 6, 9
Fed. R. Civ. P. 37(d)(2) ............................................................................................................. 4
Fed. R. Civ. P. 37(d)(3) .......................................................................................................... 4, 9
Fed. R. Civ. P. 37(d)(3) & 37(b)(2)(A)(i)-(vi) ......................................................................... 4
Federal Rule of Civil Procedure 37(d)(1)(A) ........................................................................... 4
Rule 37(b)(2)(A)(v) ................................................................................................................... 8

Defendant YummyEarth, Inc. ("YumEarth") respectfully submits this Memorandum in support of its Motion for Sanctions.

**INTRODUCTION**

YumEarth has sought to take Plaintiff's deposition for more than eight months since discovery opened in November 2022. Plaintiff has twice failed to appear for her own deposition, most recently on July 11, 2023. She has refused to provide any date when she will be available. She is the only witness in this case with material information about the nature of her claims, how she was supposedly misled about the fruit content of YumEarth's candy, and what product(s) she even bought. At the same time, Plaintiff intends to move for class certification, having deprived YumEarth of the basic information that it needs to defend against her claims and to strategically plan its defense. This conduct has been highly prejudicial to YumEarth. By way of this motion, YumEarth respectfully asks that the Court impose terminating sanctions, or in the alternative, prevent Plaintiff from offering any evidence until she appears for her deposition. The Court should also impose monetary sanctions in the amount of $9,712.50—the reasonable fees that YumEarth has thus far incurred in preparing for the deposition and bringing this motion.

Over the last eight months, Plaintiff has refused to provide her availability for deposition, despite YumEarth's repeated efforts to obtain a date pursuant to Local Rule 30-1. When Plaintiff refused to provide dates, YumEarth had no choice but to notice her deposition. Each time, YumEarth gave her repeated notice and reminders of the deposition and asked if she wanted a different date. Each time, Plaintiff refused to appear and provided no valid excuse for failing to do so. Most recently, Plaintiff claimed, two business days before her deposition, that there had been a "sudden shift" to the deposition being in-person and that she would not appear. This was after YumEarth told her in the notice and in writing on at least four occasions before the deposition that the deposition would be in person at counsel's office. Thereafter, Plaintiff refused to provide any date that she would be available.

Plaintiff's refusal to appear is willful and strategic. Without her testimony, YumEarth cannot learn the bases for her claims and prepare its defenses and strategies. Accordingly, the Court should impose terminating sanctions. At minimum, Plaintiff should be precluded from offering any

evidence until she appears for her deposition. She should also be required to pay the reasonable attorney's fees that she forced YumEarth to incur.

## FACTUAL BACKGROUND

### A.     Nature of Action

For over 15 years, YumEarth has been making organic and allergy-friendly candy colored with real fruit and vegetable juices, instead of artificial ingredients. YumEarth's line of organic candy includes fruit snacks, which are fruit-shaped, fruit-flavored candies that are colored with fruit and vegetable juice concentrate.

Plaintiff brings this false-advertising case, claiming she was misled by YumEarth's product labeling and thought the products contained fruit, and that she otherwise would not have purchased the products. (Compl. ¶ 17(a)-(d).) Plaintiff's complaint does not point to any statement that is false or even specify the YumEarth products she allegedly bought. (*Id*. ¶ 17(e).)

Discovery has been open in this action since at least November 30, 2022. (Dkt. 42.)

### B.     Plaintiff's Repeated Failures to Appear for Her Deposition

Plaintiff failed to appear for her properly noticed deposition twice on March 8 and July 11, 2023, after YumEarth had spent 8 months attempting to take Plaintiff's deposition.

#### 1.     Plaintiff Failed to Appear for Deposition on March 8, 2023

YumEarth has made substantial efforts to obtain Plaintiff's deposition beginning in November 2022. (Borden Decl. ¶ 2.) Pursuant to Local Rule 30-1, YumEarth wrote to Plaintiff on November 29, 2022, December 7, 2022, and January 11, 2023, asking for dates for her deposition. (*Id.*) On February 6, 2023, Plaintiff still had not provided any dates, so YumEarth wrote to her: "In light of plaintiff's refusal to provide dates for her deposition, we propose noticing the deposition for March 8." (*Id.*) This date was picked a month in advance of the deposition to give Plaintiff time to propose a new date or to clear any scheduling issues. (*Id.*) On February 28, 2023, having still not received any dates from Plaintiff, YumEarth served a deposition notice, setting her deposition for March 8, 2023. (*Id.*) Plaintiff did not appear for deposition on March 8, 2023. (*Id.*)

### 2. Plaintiff Failed to Appear for Deposition on July 11, 2023

YumEarth again attempted to take Plaintiff's deposition and informed Plaintiff in writing several times that the deposition would be taken in person at YumEarth's counsel's San Francisco office. Specifically, on June 5, YumEarth wrote to Plaintiff: "Please let us know when she is available to sit for an in-person deposition in the next two weeks." (Borden Decl. ¶ 4; Ex. 1 at 1.) Plaintiff did not respond. (*Id.*)

On June 9, 2023, YumEarth wrote to Plaintiff: "Following up on this, please let us know as soon as possible when Ms. Marino is available for an in-person deposition at our California office. Thank you." (Borden Decl. ¶ 5; Ex. 1 at 1.) Plaintiff did not respond. (*Id.*)

On June 21, 2023, having received no response from Plaintiff, YumEarth noticed Plaintiff's in-person deposition for July 11, 2023, and requested that Plaintiff advise by June 28, 2023, if she was unavailable on that date. (Borden Decl. ¶ 6; Ex. 2.)

On June 29, 2023, YumEarth wrote: "As you are aware, we noticed Plaintiff's in-person deposition for July 11 and requested that you provide us with alternative dates by June 28. Having received no response, and as we previously noted, we will proceed with the deposition as noticed." (Borden Decl. ¶ 7; Ex. 3 at 4.) Accordingly, YumEarth retained a court reporter and videographer and spent substantial time preparing for the deposition. (Borden Decl. ¶¶ 8, 19-20.)

On July 7, only two business days prior to the scheduled deposition, Plaintiff stated for the first time that she did not know that the deposition would be in-person and that she was not going to appear because she "is not physically located in California nor will she be present in California" during July. (Borden Decl. ¶ 9; Ex. 3 at 3-4.) Plaintiff claimed that she is currently "located" in Massachusetts. (*Id.* at 2.) Plaintiff did not appear for her deposition on July 11, 2023 and she did not move for a protective order. (Borden Decl. ¶ 10.) Nor has she offered any alternative dates to be deposed. (*Id.*)

### C. YumEarth's Follow-Up Efforts

On July 11, 2023, YumEarth wrote to Plaintiff cataloging her serial failures to appear for deposition and explaining that YumEarth intended to seek sanctions if Plaintiff would not appear

for deposition and pay the costs she had imposed by refusing to appear. (Borden Decl. Ex. 3 at 1-2.) Plaintiff did not respond. (*Id.*)

**ARGUMENT**

Federal Rule of Civil Procedure 37(d)(1)(A) empowers a court to "order sanctions" if a party "fails, after being served with proper notice, to appear for that person's deposition." Such failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). The sanctions available to the district court include terminating and evidentiary sanctions. Fed. R. Civ. P. 37(d)(3) & 37(b)(2)(A)(i)-(vi). Instead of, or in addition to, the sanctions imposed, Fed. R. Civ. P. 37(d)(3) provides that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was not substantially justified or other circumstances make an award of expenses unjust."

**I.     PLAINTIFF FAILED TO APPEAR FOR HER OWN DEPOSITION**

As noted above, Plaintiff failed to appear for her duly-noticed deposition twice. Both times YumEarth went to considerable lengths to try to accommodate Plaintiff and her counsel and any scheduling issues. This included trying to meet and confer with her multiple times before setting a date, providing repeated requests to find out what dates were convenient for her, and when she failed to respond, setting the dates far in advance to allow her and her lawyers to clear them, and giving her repeated notice of the dates and asking if she wanted others. Plaintiff, however, refused to prosecute her own case.

Further, Plaintiff did not provide any explanation for why she could not attend the March 8, 2023 deposition. Nor did she meet and confer and move for a protective order. As for the July 11, 2023 deposition, Plaintiff claimed that she could not appear in-person because she was not physically located in California, but she knew for well over a month that the deposition was proceeding in-person at YumEarth's counsel's San Francisco office and never provided alternative dates despite YumEarth's multiple requests for availability.

In any event, Plaintiff filed this action in the Northern District of California (using attorneys all of whom reside outside this district) and is therefore required to appear for deposition here. *See*, *e.g.*, *P.Y.M.T. v. City of Fresno*, No. 1:15-cv-710, 2016 WL 2930539, at *2-3 (E.D. Cal. May 19, 2016) (ordering plaintiffs to "attend their depositions in the forum that they selected to prosecute this case against Defendant"); *Hamilton v. TBC Corp.*, No. CV-17-1060, 2018 WL 9815585, at *4 (C.D. Cal. Mar. 29, 2018) ("Flowers, having filed this action in Los Angeles, consented to and was obliged to make himself available in Los Angeles[.]"). That Plaintiff decided to be "located" in Massachusetts at the time of her deposition does not amount to "undue hardship or exceptional or compelling circumstances" that would justify her refusal to travel to her "chosen forum." *See P.Y.M.T.*, 2016 WL 2930539 at *3 ("The fact that Plaintiffs reside out of the country and lack the knowledge on how to travel to this country for their properly noticed depositions does not amount to 'extreme hardship' or 'compelling circumstances.'").

## II.  THE COURT SHOULD IMPOSE SANCTIONS

Plaintiff's refusal to appear for deposition has prejudiced YumEarth. She is the only witness to her claim that she was misled. She is the only person who knows what product(s) she claims to have purchased. She is the only person who can offer any relevant testimony about her claims. Examining her is key to challenging the validity of her claims and her bid for class certification. She has already failed to appear for deposition twice, thereby depriving YumEarth of its ability to defend this case and, more basically, any ability to plan how to defend against it. For this reason, evidentiary and monetary sanctions are warranted.

### A.  The Court Should Impose Terminating or Evidentiary Sanctions

Before ordering a terminating sanction under Fed. R. Civ. P. 37(d) for failure to appear at a deposition, a court balances five factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)). The "key factors are prejudice and the availability of lesser sanctions." *Wanderer*, 910 F.2d at 656. Ultimately, "the most critical factor to

be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to true facts." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007).

All these factors weigh in favor of terminating sanctions here.

As to the first two factors, Plaintiff already has consumed substantial judicial and party resources and time with this case. The Court, the public and YumEarth are entitled to expeditious resolution. It is fundamentally unfair for Plaintiff to continue this litigation and leave her claims publicly pending against YumEarth, when she will not appear to try to substantiate them.

As to the third factor, YumEarth has been significantly prejudiced by Plaintiff's refusal to prosecute her own case. Not only has Plaintiff deprived YumEarth of any way to defend against her claims, for she is the only witness, Plaintiff has deprived YumEarth of the ability to engage in the routine strategic planning that inheres in any case, e.g., deciding what expert(s) to retain, or what witnesses it plans to rely upon and ultimately bring to trial. *Adriana Int'l Corp. v. Theoren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.").

As to the fourth factor, the only way to resolve this case on the merits is for Plaintiff to appear for deposition and ultimately trial. Plaintiff has refused to do so. Under these circumstances, it is "impossible for a court to be confident that [YumEarth] will have access to true facts." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097.

As to the fifth factor, Plaintiff's refusal to appear for deposition twice is inexcusable. There is no reason to believe that a lesser sanction would compel Plaintiff to appear. Nor is there any way to undo all the harm that Plaintiff's failure to appear for her deposition has caused because YumEarth will be prejudiced in its ability to defend the case.

Terminating sanctions are warranted under these circumstances. *E.g.*, *Young v. O'Reilly Auto. Stores, Inc.*, No. CV-18-1953, 2018 WL 11483058, at *1 (C.D. Cal. Oct. 23, 2018) (granting terminating sanctions pursuant to Rule 37(b)(2)(A)(v) given plaintiff's repeated failure to comply with the Federal Rules, including by failing to appear for his deposition and giving "no reason for his unavailability other than that he was out of town"); *id.* at *1 ("When it has been determined that

a party has willfully failed to comply with discovery, it is within the discretion of the trial court to dismiss the action.") (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976)); *Consumer Fin. Prot. Bureau v. Morgan Drexen, Inc.*, 101 F. Supp. 3d 856, 868 (C.D. Cal. 2015) (terminating sanctions are warranted when the disobedient party has, inter alia, "'engaged in conduct utterly inconsistent with the orderly administration of justice'") (quoting *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983)).

To the extent that the Court does not impose terminating sanctions, it should preclude Plaintiff from introducing any evidence until such time as she appears for deposition. Such relief is particularly warranted given Plaintiff's impending deadline to file a motion for class certification, which will necessarily entail testimony by Plaintiff. It would be fundamentally unfair for Plaintiff to be allowed to submit evidence to the Court and ask the Court to rely upon it, while she has refused to appear for her own deposition. *See, e.g.*, *Sanders v. Aranas*, No. 1:06-cv-1574, 2008 WL 4845233, at *3 (E.D. Cal. Nov. 7, 2008) ("Fed. R. Civ. P. 37(d) expressly provides that a failure of a party to attend his own deposition may result in orders . . . limiting claims or defenses or the introduction of evidence, or . . . staying proceedings. . ."); *Michael v. Liberty*, 547 F. Supp. 2d 43, 46 (D. Me. 2008) (parties' "unexcused failure to appear for multiple scheduled depositions demonstrates a troubling lack of respect for the judicial process" and warranted discovery sanction of prohibiting them from introducing "evidence regarding any claims or defenses that existed" prior to date of last missed deposition).

### B.     The Court Additionally Should Impose Monetary Sanctions

Plaintiff's conduct lacked substantial justification. For her July 11, 2023 deposition, YumEarth wrote her at least four times trying to figure out a date and remind her of her obligation to appear. She deliberately frustrated that process and refused to provide any alternative date for her deposition. The Court should impose monetary sanctions, not only to compensate YumEarth for its attorney's fees in preparing for Plaintiff's deposition and bringing this motion, but also to deter Plaintiff's abuse of the discovery process and repeated non-compliance with the discovery rules. Fed. R. Civ. P. 37(d)(3) ("the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure,

unless the failure was not substantially justified, or other circumstances make an award of expenses unjust."). YumEarth has thus far incurred $3,975 in reasonable fees for preparing for Plaintiff's deposition, and $5,737.50 in bringing this motion. (Borden Decl. ¶¶ 11-21); *Young*, 2018 WL 11483058, at *2 (ordering monetary sanctions for fees relating to Plaintiff's non-appearance and fees incurred in bringing sanctions motion).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court impose terminating sanctions for Plaintiff's failure to attend her deposition, or in the alternative, prevent Plaintiff from offering any evidence until she appears for her deposition. Defendant further requests that the Court grant YumEarth monetary sanctions in the amount of $9,712.50 and any additional fees incurred for the preparation of a reply in support of this motion.

Dated: July 26, 2023

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: _____
Matthew Borden

*Attorney for Defendant YummyEarth, Inc*