Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
  kwasniewski@braunhagey.com
Tracy O. Zinsou, Esq. (SBN: 295458)
  zinsou@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

*Attorneys for Defendant
YummyEarth, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MARINO,<br><br>          Plaintiff,<br><br>     v.<br><br>YUMMYEARTH, INC.,<br><br>          Defendant. | Case No: 3:22-cv-02739-VC<br><br>**DECLARATION OF MATTHEW BORDEN IN SUPPORT OF DFENDANT YUMMYEARTH, INC.'S MOTION FOR SANCTIONS**<br><br>**Date:**     September 14, 2023<br>**Time:**     10:00 a.m.<br>**Judge:**    Hon. Vince Chhabria<br>**Court Rm.:** 4<br><br>**Compl. Filed:** May 8, 2022 |

I, Matthew Borden, declare:

1. I represent Defendant YummyEarth, Inc. ("YumEarth"). I make this declaration based on personal knowledge. If called as a witness, I could and would testify competently to the facts stated herein.

2. My office has made substantial efforts to obtain Plaintiff's deposition that began in November of 2022. Pursuant to Local Rule 30-1, we wrote to Plaintiff on November 29, 2022, December 7, 2022, and January 11, 2023, asking for dates for her deposition. On February 6, 2023, Plaintiff still had not provided any dates, so my office wrote to her: "In light of plaintiff's refusal to provide dates for her deposition, we propose noticing the deposition for March 8." This date was picked a month in advance of the deposition to give Plaintiff time to propose a new date or to clear any scheduling issues. On February 28, 2023, having still not received any dates from Plaintiff, our office served a deposition notice, setting her deposition for March 8, 2023. Plaintiff did not appear for deposition on March 8, 2023.

3. After Plaintiff refused to appear for deposition on March 8, 2023, our efforts to obtain her deposition continued. At one point we set the deposition for June 6, 2023, but that date had to be canceled because the notice did not specify that the deposition was to occur at our office. Immediately afterward, we sought new dates for Plaintiff's deposition.

4. On June 5, 2023, my office wrote to Plaintiff: "Please let us know when she is available to sit for an in-person deposition in the next two weeks." Plaintiff did not respond.

5. On June 9, 2023, my office wrote to Plaintiff: "Following up on this, please let us know as soon as possible when Ms. Marino is available for an in-person deposition at our California office. Thank you." Plaintiff did not respond.

6. On June 21, 2023, having received no response from Plaintiff, my office noticed Plaintiff's in-person deposition for July 11, 2023, and requested that Plaintiff let us know by June 28, 2023, if she was unavailable on that date.

7. On June 29, 2023, my office wrote "As you are aware, we noticed Plaintiff's in-person deposition for July 11 and requested that you provide us with alternative dates by June 28.

1  Having received no response, and as we previously noted, we will proceed with the deposition as
2  noticed."

3         8.     YumEarth retained a court reporter and videographer and spent substantial time
4  preparing for the deposition, as detailed below.

5         9.     Two business days before the deposition, Plaintiff claimed to have been surprised
6  that the deposition was in person, even though we had sent four emails and a deposition notice
7  reiterating this fact.

8        10.    Plaintiff did not appear for her deposition on July 11, 2023, and she did not move
9  for a protective order. To date, Plaintiff has not offered any alternative dates to be deposed.

10        11.    Attached as **Exhibits 1-3** are true and correct copies of the email correspondence
11  discussed in Paragraphs 4-7 above.

12       **A.**    **BHB Attorneys' Qualifications and Rates**

13        12.    BHB is a leading boutique law firm with offices in San Francisco and New York
14  that routinely handle high-profile, complex litigation involving intellectual property, antitrust,
15  unfair competition, and other commercial matters. We regularly appear before federal and state
16  courts and arbitrators throughout the country to prosecute and defend claims involving a variety of
17  business issues. Our clients run from Fortune 500 Companies to small businesses and encompass
18  many different types of industries. We have successfully litigated and arbitrated disputes worth
19  many billions of dollars.

20        13.    In addition to complex commercial litigation, we also handle significant pro bono
21  and impact litigation matters, such as litigation to stop book banning (*see Little v. Llano County*,
22  22-cv-00424-RP (W.D. Tex.), Dkt. 133 [granting injunction precluding government from removing
23  books from the library]), litigation to protect the rights of the media at protests (*see Index*
24  *Newspapers v. City of Portland*, 20-cv-1035-SI, Dkt. 157 [granting injunction precluding federal
25  and state law enforcement from dispersing journalists from protests]), *aff'd Index Newspapers v.*
26  *U.S. Marshalls' Serv.*, 977 F.3d 817 (9th Cir. 2020)), litigation to protect the poorest and neediest
27  nursing home residents from being dumped into the streets (*see Mou v. SSC San Jose Operating*
28  *Co., LP*, No. 18-cv-01911-EJD (N.D. Cal.), Dkt. 119 [issuing injunction to prevent dumping of

residents from nursing home chain], litigation to facilitate the shutdown of coal power plants (*see Sierra Club v. PPL Montana, LLC*, CV 13-32-BLG-DLC-JCL (D. Mont.), litigation to contest the government's "watchlist," which is based on race, ethnicity and religion (*see Elhady v. Kable*, 993 F.3d 208 (4th Cir. 2021)), and litigation to challenge the ongoing dictatorship in Cambodia (*see Rainsy and Filing Victims v. Chevron Corp.*, 16–mc–80258–DMR (N.D. Cal.), to name a few.

14. I have personal knowledge of the rates charged and used in client pitches by other law firms in the Bay Area and in New York. Although our base pay for associates exceeds the "Cravath Scale" (i.e., the standard lockstep salaries paid by big firms), the rates that BHB charges its clients, and the rates paid by commercial clients, are substantially lower than the rates charged by the big firms and boutiques where our lawyers previously practiced, *e.g.*, Morrison & Foerster, LLP, Quinn Emanuel Urquhart & Sullivan LLP, Latham & Watkins, LLP, Keker & Van Nest LLP, and Munger, Tolles & Olson, LLP to name a few.

15. BHB's rates range from $1,400 per hour for BHB's most senior partner to $475 per hour for BHB's most junior associates. Most of our clients, including YumEarth, pay for our firm's services on an hourly basis. The rates given below are the rates that BHB's clients—and YumEarth in this case—actually pay. Our firm's past rates have been approved in fee application decisions issued by numerous courts, including the Ninth Circuit in *Walker v. B&G Foods, Inc., et al.*, No. 16-15349 (9th Cir., Jul. 20, 2017*), Optronic Technologies, Inc., v. Ningbo Sunny Electronic Co.*, Ltd., et al., Case No. 5:16-cv-06370 (N.D. Cal.), *Hill v. Robert's Am. Gourmet Food, Inc.*, No. C 13-80166 EDL (N.D. Cal.), *Hunt v. Sunny Delight Beverages Co.*, No. 18-cv-00557-JLS-DFM (C.D. Cal.), *Davis v. AG Seal Beach, LLC, et al.*, No. BC468346 (Los Angeles Super. Ct.), and *State of California ex rel. Todd Dominguez v. En Pointe Techs. Inc., et al.*, No. 37-2011-00100936-CU-BTL (San Diego Super. Ct.).

16. I am a founding partner of BHB. After law school, I clerked for the Honorable William Alsup in the United States District Court for the Northern District of California. I practiced at Morrison & Foerster LLP before co-founding BHB. I have successfully tried cases in state and federal court and successfully argued appeals before the Ninth Circuit, the Federal Circuit and the California Courts of Appeal. I have successfully represented Fortune 500 companies, private equity

funds, financial institutions, and foreign governments in billion-dollar lawsuits and other high-stakes litigation. My regular 2023 hourly rate, which I charge YumEarth, and which I use in client pitches, is $1,050 per hour.

17. Shirley Chan is an associate at BHB. Ms. Chan graduated from Harvard Law School in 2018 and practiced at Jones Day prior to joining BHB. Ms. Chan has substantial experience litigating complex civil litigation cases, including consumer protection, intellectual property, and breach of contract disputes. Her regular 2023 hourly rate is $625 per hour.

**B.    Reasonable Time Expended**

18. Pursuant to the standard practice of my firm, all the time spent by our attorneys was recorded on an hourly basis in 6-minute intervals using our firm's billing software. In accordance with our firm's standard practice, I have written off any time that I believed was not efficiently spent, including time I believe was spent unnecessarily or duplicatively. I also wrote off time spent by lawyers on tasks that might be considered administrative.

19. I spent at least 2 efficient billable hours preparing for Plaintiff's deposition and 1 efficient billable hour revising this motion and supporting papers.

20. Ms. Chan spent at least 3 efficient billable hours preparing for Plaintiff's deposition and 7.5 efficient billable hours doing legal research, and drafting and editing the briefing and supporting papers for this motion.

21. Pursuant to the above, YumEarth has to date expended $3,975 in reasonable attorney's fees in preparing for Plaintiff's deposition and $5,737.50 in bringing this motion, totaling $9,712.50.

I declare under penalty of perjury of the laws of California that the foregoing is true and correct to the best of my knowledge.

Dated: July 26, 2023

Matthew Borden