# EXHIBIT 3

| | |
|---|---|
| **From:** | Shirley Chan |
| **Sent:** | Tuesday, July 11, 2023 1:30 PM |
| **To:** | stk@keetonfirm.com; Tracy Zinsou |
| **Cc:** | jrg@ggallp.com; cwk@ggallp.com; amir@shenaqpc.com; Matt Borden; David Kwasniewski; Amanda Ostrom |
| **Subject:** | RE: Marino v. YummyEarth, Inc., Case No. 3:22-cv-02739 - Third Amended Notice of Deposition of Jennifer Marino |

Dear Counsel,

Plaintiff failed to appear for her properly noticed deposition at our office this morning (July 11, 2023). Contrary to your assertion that there was some sudden shift to wanting to take Plaintiff's deposition in person, there was not. Prior to scheduling this deposition, we informed you in writing that it was going to be in person several times. In specific:

- On June 5, we wrote "Please let us know when she is available to sit for an in-person deposition in the next two weeks."

You did not respond.

- On June 9, 2023, we wrote "Following up on this, please let us know as soon as possible when Ms. Marino is available for an in-person deposition at our California office. Thank you."

You did not respond.

- On June 21, 2023 (having received no response from you), we noticed Plaintiff's in-person deposition for July 11, 2023, and requested that you let us know by June 28, 2023, if plaintiff was unavailable on that date.

- On June 29, 2023, we wrote "As you are aware, we noticed Plaintiff's in-person deposition for July 11 and requested that you provide us with alternative dates by June 28. Having received no response, and as we previously noted, we will proceed with the deposition as noticed."

Again, you did not respond. So we retained a reporter and videographer and spent substantial time preparing for the deposition. Plaintiff did not show up.

This is the second time that Plaintiff has failed to appear for her deposition, and it comes after we spent 8 months trying to get a deposition date from you, beginning last year.

- On November 29, 2022, we wrote "Per L.R. 30-1, please let us know Plaintiff's availability next month to sit for her deposition in this case."
- On December 7, 2022, we wrote "We asked for Plaintiff's availability to sit for her deposition over a week ago so we could have a productive 26(f) conference. Why don't you check with your client and provide us with her available dates, then we can schedule a time to further confer."
- On January 12, 2023, we wrote "we never received a response to [the] December 7, 2022 email" and against asked for a date
- On February 6, 2023, we wrote "As you know, we've been requesting plaintiff's availability to sit for her deposition for over two months now, since November 29. … In light of plaintiff's refusal to provide dates for her deposition, we propose noticing the deposition for March 8"

- On February 22, 2023 (having received no dates from your office), we sent out a deposition notice for March 8, 2023
- On March 1, 2023, you wrote, refusing to produce Plaintiff for deposition
- On March 7, 2023, we wrote "For months since the initial case management conference last November, we have been seeking dates for plaintiff's deposition. We asked for plaintiff's availability in four separate emails sent on November 29, 2022, December 7, 2022, January 11, 2023, and February 6, 2023. After your repeated refusal to simply ask your client for available dates, we properly noticed the deposition on February 22 and intend to proceed as noticed." We further explained: "You are on notice that if plaintiff fails to appear for her own deposition she risks dismissal of her claim."
- Plaintiff did not appear at her March 8, 2023 deposition

As noted above, Plaintiff's excuse for her most-recent failure to show up for her own deposition is not accurate. She has known for well over a month that the deposition was proceeding in person at our office, and your email acknowledges that you have known since June that she has planned to be out of town and that you only got around to telling us 2 business days before the deposition. As noted above, this conduct follows a previous no-show and rather stunning refusal to prosecute her own case.

As far as the law goes, Plaintiff filed this case in ND Cal (using lawyers all of whom reside outside this district, which has garnered the unfortunate sobriquet, the "Food Court"). She is therefore required to appear for deposition here. *See*, *e.g.*, *P.Y.M.T. v. City of Fresno*, 2016 WL 2930539, at *2-4 (E.D. Cal. May 19, 2016) (ordering plaintiffs to "attend their depositions in the forum that they selected to prosecute this case against Defendant").

Plaintiff did not move for a protective order. Absent some compelling explanation, we intend to seek evidentiary and monetary sanctions in addition to all the reporter, videographer and legal costs. If you wish to avoid motion practice, please let us know if you are willing to pay for all the legal fees and costs we have incurred and produce Plaintiff for a deposition in our office next week.

Regards,

Shirley Chan
BRAUNHAGEY & BORDEN LLP
Direct: (646) 859-5733

---

**From:** stk@keetonfirm.com <stk@keetonfirm.com>
**Sent:** Monday, July 10, 2023 5:49 PM
**To:** Tracy Zinsou <Zinsou@braunhagey.com>
**Cc:** Shirley Chan <chan@braunhagey.com>; jrg@ggallp.com; cwk@ggallp.com; amir@shenaqpc.com; Matt Borden <borden@braunhagey.com>; David Kwasniewski <kwasniewski@braunhagey.com>; Amanda Ostrom <Ostrom@braunhagey.com>
**Subject:** Re: Marino v. YummyEarth, Inc., Case No. 3:22-cv-02739 - Third Amended Notice of Deposition of Jennifer Marino

**\*\*\* EXTERNAL MESSAGE \*\*\***

Good Afternoon Counsel,

The first time there was a shift from Zoom to in-person deposition occurred the day before Ms. Marino's scheduled Zoom deposition this past June. At the time of the previous deposition, Ms. Marino was not present in California and was not expecting to be in California for many months.

We informed your office that she was out of town, and we were attempting to get additional dates. We have been unable to get an in-person date for her because she is thousands of miles away. At the time of her previously scheduled deposition, she was on the east coast. She still is on the east coast and is presently located in Massachusetts.

2

She is able to appear for her deposition tomorrow via Zoom - as was the case prior to the sudden shift to an in-person deposition in the 11th hour.

We'd like to get this completed so the case can progress, please let us know if Zoom is the appropriate medium as it was previously. We don't expect her to be back in California during the month of July.

Steffan


Steffan T. Keeton

The Keeton Firm LLC
100 South Commons
Suite 102
Pittsburgh, PA 15212
1-888-412-LAW1
stk@keetonfirm.com


This e-mail is confidential and may well be legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  Non-compliance may violate state and Federal privacy laws.


> On Jul 10, 2023, at 2:49 PM, Tracy Zinsou <Zinsou@braunhagey.com> wrote:
>
> Counsel,
>
> We rescheduled plaintiff's deposition last month specifically to occur in person. We then noticed it as an in-person deposition weeks ago, and received no objection. The deposition will occur in person as noticed. See you tomorrow.
>
> Regards,
> Tracy
>
>
> Tracy O. Zinsou
> **BRAUNHAGEY & BORDEN** LLP
> Direct:  (415) 651-3139
>
> ---
>
> **From:** Steffan Keeton <stk@keetonfirm.com>
> **Sent:** Friday, July 7, 2023 3:41 PM
> **To:** Shirley Chan <chan@braunhagey.com>
> **Cc:** jrg@ggallp.com; cwk@ggallp.com; amir@shenaqpc.com; Matt Borden <borden@braunhagey.com>; David Kwasniewski <Kwasniewski@braunhagey.com>; Tracy Zinsou <Zinsou@braunhagey.com>; Amanda Ostrom <ostrom@braunhagey.com>
> **Subject:** Re: Marino v. YummyEarth, Inc., Case No. 3:22-cv-02739 - Third Amended Notice of Deposition of Jennifer Marino
>
>
> *** EXTERNAL MESSAGE ***
>
> Counsel,

Ms. Marino is unable to appear in person for the deposition noticed. She is able, however, to appear via Zoom at the date and time to get the deposition completed. Ms. Marino is not physically located in California nor will she be present in California during this month. Please advise if the same link from the June 2023 deposition works for the July 11 date?

Best,
Steffan

> On Jun 29, 2023, at 4:57 PM, Shirley Chan <chan@braunhagey.com> wrote:
>
> Counsel,
>
> As you are aware, we noticed Plaintiff's in-person deposition for July 11 and requested that you provide us with alternative dates by June 28. Having received no response, and as we previously noted, we will proceed with the deposition as noticed.
>
> Regards,
>
> Shirley Chan
> BRAUNHAGEY & BORDEN LLP
> Direct: (646) 859-5733
>
> **From:** Amanda Ostrom <ostrom@braunhagey.com>
> **Sent:** Wednesday, June 21, 2023 2:46 PM
> **To:** stk@keetonfirm.com; jrg@ggallp.com; cwk@ggallp.com; amir@shenaqpc.com
> **Cc:** Matt Borden <borden@braunhagey.com>; David Kwasniewski <kwasniewski@braunhagey.com>; Tracy Zinsou <zinsou@braunhagey.com>; Shirley Chan <chan@braunhagey.com>
> **Subject:** Marino v. YummyEarth, Inc., Case No. 3:22-cv-02739 - Third Amended Notice of Deposition of Jennifer Marino
>
> Counsel,
>
> Attached please find documents for service in the above-captioned matter.
>
> Regards,
>
> Amanda Ostrom
> Litigation Legal Assistant
> BRAUNHAGEY & BORDEN LLP
> Direct: (415) 869-5979
>
> **San Francisco**
> 351 California St., 10th Floor
> San Francisco, CA 94104
> Tel. (415) 599-0209
> Fax. (415) 276-1808
>
> **New York**
> 118 W 22nd Street, 12th Floor
> New York, NY 10011
> Tel. (646) 829-9403
> Fax. (646) 403-4089

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.