**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson (Cal. Bar No. 220802)
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel: (310) 274-4663
jrg@ggallp.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com
*Pro hac vice*

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MARINO, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YUMMYEARTH, INC.,<br><br>Defendant. | CASE NO. 3:22-cv-02739-VC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**<br><br>Date: September 14, 2023<br>Time: 10:00 AM<br>Courtroom: 4<br>The Honorable Vince Chhabria |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ......................................................................................................... 2

    A.    Defendant's Motion Should Be Denied Because It Is Procedurally Improper Because It Violates This Court's Discovery Order. ................ 2

    B.    Defendant's Motion Should Be Denied Because Defense Counsel Distorts the Facts and Attempts to Implement Its "Scorched Earth" Tactics Which Have Been Admonished in Courts Throughout the Country. ....................................................................................... 5

    C.    Defendant Cannot Force Plaintiff to Be Deposed in California. ............. 7

III.  CONCLUSION ...................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

*In re ComUnity Lending Inc.*,
  No. C 08-00201 JW, 2011 WL 7479165 (N.D. Cal. June 6, 2011) ............................ 4

*Katziff v. Beverly Enterpr. Inc.*,
  2009 WL 10729569 (D. Mass. Apr. 17, 2009) ............................................................ 4

*S.E.C. v. Small Business Capital Corp.*,
  No. 5:12-cv-03237 EJD, 2012 WL 6584953 (N.D. Cal. Dec. 17, 2012) ...................... 4

*Stone Brewing Co., LLC v. Miller Coors LLC.*,
  2019 WL 4450754 (S.D. Cal. Sept. 17, 2019) ............................................................ 4

*Walker v. B&G Foods, Inc.*,
  No. 15-cv-03772-JST, 2019 WL 3934941 (N.D. Cal. Aug. 20, 2019) ......................... 4

## I. INTRODUCTION

Defendant's Motion should be denied for multiple reasons.

It should be rejected because it is an improperly raised discovery motion. The Court referred all discovery disputes to United States Magistrate Judge Laurel Beeler. Judge Beeler has a detailed procedure for handling discovery disputes. Defendant failed to comply with the necessary steps meant to facilitate resolution prior to these issues being presented before this Court.

In an attempt to resolve multiple outstanding discovery issues, Plaintiff's counsel reached out to defense counsel to have a fruitful conversation to resolve all discovery disputes.[1] Instead of speaking on the phone, in person, or via videoconference, defense counsel filed this motion 34 minutes after the request was sent by Plaintiff's counsel. This comes as no surprise because Defendant's counsel is known in many federal districts – including the Northern District of California - for raising phantom sanctions issues and related discovery motions as part of its "scorched-earth practice."[2] By failing to make *any* effort to comply with the Court's discovery procedures, Defendant's motion should be denied.

Additionally, Defendant's request for relief should be rejected because the current difficulties with scheduling Plaintiff's deposition were created by Defendant. Fewer than 24 hours before Plaintiff's scheduled remote deposition, Defendant unilaterally canceled the deposition and drastically shifted the format from remote to in-person at defense counsel's office in San Francisco.[3] Throughout the entire

---

[1] Exhibit C.
[2] Exhibit G, at 1.
[3] Exhibit E.

– 1 –

discussion about Plaintiff's deposition, Defendant had consistently offered (rather than Plaintiff demanding) a remote format.

June 5, 2023, marked the first time that an in-person deposition was requested or discussed. Plaintiff was ready to sit for her remote deposition on June 6, 2023. Moreover, Plaintiff was willing to sit for a remote deposition on subsequent dates suggested by Defendant including July 11, 2023. Notably, Defendant fails to include these material facts in its Motion in order to make it appear that Plaintiff is avoiding her deposition. Once again, this is not surprising, as Defendant's counsel is known for intentionally creating confusion and delay by shifting deposition dates and locations.[4]

Plaintiff no longer resides within the Northern District of California. Instead, presently – and at the time of her previously scheduled deposition in June 2023 – she resides in Massachusetts. Plaintiff is ready, and willing to be deposed remotely. The insistence of Defendant to take Plaintiff's deposition in-person is unnecessary, given that the Plaintiff may be deposed remotely. Defendant's Motion should be denied.

## II.   ARGUMENT

### A.   Defendant's Motion Should Be Denied Because It Is Procedurally Improper Because It Violates This Court's Discovery Order.

Defendant's motion attempts to resolve a discovery dispute – created by Defendant – under the guise of a motion for sanctions. This violates this Court's

---

[4] Judge Alsup was disappointed in defense counsel's similar actions in his court. *Clark v. The Hershey Company*, 3:18-cv-06113-WHA, Transcript of Proceedings of March 4, 2019, ECF No. 51, at 19:22-20:1 ("It is crystal clear you're doing this to run up the cost and impose this burden on the plaintiffs. That's all that's going on here. I'm very disappointed that defense counsel in this case and that [defendant] would do such a thing.") (attached as Exhibit F).

procedure because Defendant failed to proceed with the necessary steps to resolve its discovery dispute with the Court.

All discovery disputes were referred to U.S. Magistrate Judge Laurel Beeler (Doc. No. 42). Judge Beeler's Standing Order provides a clear path to resolve any discovery dispute (Doc. No. 43-1, at 2-3). "The parties may not file formal discovery motions." *Id.* Rather, Judge Beeler requires a detailed procedure that attempts to resolve the dispute before it appears before any United States Magistrate Judge or United States District Judge.

Those steps were not taken before the filing of Defendant's sanctions motion which is an improperly filed discovery motion styled as a request for sanctions. There were no in-person, telephonic, or videoconference meet-and-confer discussions nor any attempt to craft a joint letter brief. *See* Keeton Declaration, ¶¶ 7-10. Instead, Plaintiff's counsel – knowing that there were multiple discovery issues involving written discovery and the location of Plaintiff's deposition – reached out to defense counsel in an attempt to speak on the phone to have a fruitful discussion and potentially resolve the disputes.[5] 34 minutes later, defense counsel responded with this Motion. *See* Keeton Declaration, ¶¶ 6-7.

This "rush to Chambers" approach is not new. Defense counsel has a pattern of bringing improper sanction motions. A simple search on Westlaw of sanctions motions filed by Defendant's counsel reveals a *recurring* strategy to reframe litigations and deflect attention by lodging accusations of wrongdoing against opposing counsel and parties. Some courts have simply rejected the accusations—

---

[5] See Exhibit C (sent at 12:50PM PT).

– 3 –

often targeted at obtaining sanctions in the form of favorable evidentiary inferences. *See, e.g.*, *Walker v. B&G Foods, Inc.*, No. 15-cv-03772-JST, 2019 WL 3934941, at *4 (N.D. Cal. Aug. 20, 2019) (denying Defense counsel's motion to sanction opposing counsel); *Stone Brewing Co., LLC v. Miller Coors LLC.*, No. 18cv331-BEN(LL), 2019 WL 4450754, at *7 (S.D. Cal. Sept. 17, 2019) (denying Defense counsel's motion for evidentiary sanctions); *In re ComUnity Lending Inc.*, No. C 08-00201 JW, 2011 WL 7479165, at *1-2, *6 (N.D. Cal. June 6, 2011) (denying Defense counsel's motion for evidentiary sanctions); *S.E.C. v. Small Business Capital Corp.*, No. 5:12-cv-03237 EJD, 2012 WL 6584953, at *1-2 (N.D. Cal. Dec. 17, 2012) (denying Defense counsel's motion for sanctions). Others have expressly warned Defense counsel against premature or unfounded Rule 11 motions. *See, e.g.*, *Katziff v. Beverly Enterpr. Inc.*, No. 07-11456-NMG, 2009 WL 10729569, at *3-4 (D. Mass. Apr. 17, 2009) (advising "to proceed properly and to refrain from filing motions for sanctions without due consideration."). Even upon review, the Court should conclude similarly as the Special Master in *Silver v. BA Sports* concluded when similar arguments were raised by Defendant's counsel, "There is no shred of evidence or legal support that would come close to justifying dismissal for this tawdry discovery dispute." [6]

---

[6] Exhibit I, at 3.

– 4 –

### B. Defendant's Motion Should Be Denied Because Defense Counsel Distorts the Facts and Attempts to Implement Its "Scorched Earth" Tactics Which Have Been Admonished in Courts Throughout the Country.

Even if Defendant's Motion complied with the Court's procedure for discovery disputes, the Motion should still be denied because Defendant intentionally misrepresents the facts to the Court.

On May 8, 2023, both sides agreed to have Plaintiff's deposition taken on June 6, 2023 at 10:00AM PT, and it was to be conducted remotely via Zoom.[7] On June 5, 2023, at 11:12AM, Defendant unilaterally cancelled the deposition for no apparent reason and then required that it occur in-person in San Francisco. For almost a month, Plaintiff's deposition was agreed to be conducted via Zoom on June 6. During all discussions about Plaintiff's deposition, Defendant offered for it to occur via Zoom. Then, less than 24 hours before the deposition, Defendant unilaterally cancelled the deposition and stated that Plaintiff's deposition would now be conducted only in person in San Francisco. All subsequent discussions about appearing via Zoom were ignored or rejected by defense counsel. Plaintiff no longer lives in California nor was she planning on being in California during the next few months because she now lived in Massachusetts. Defendant was notified of this prior to the scheduled deposition date, and that she was going to be unable to appear physically in California, but she was willing to conduct the deposition via Zoom consistent with all discussion and agreements prior to Defendant's shift less than 24 hours before her scheduled deposition. The eleventh-hour cancellation and uncompromising shift in

---

[7] Exhibit D.

deposition format was solely an attempt to burden the Plaintiff, as defense counsel offered no reasoning for such a drastic shift. Defense counsel's deposition tactics have been admonished by multiple Courts. For example, in a case where defense counsel confusingly shifted deposition dates and locations, Judge Alsup stated, "It is crystal clear you're doing this to run up the cost and impose this burden on the plaintiffs. That's all that's going on here. I'm very disappointed that defense counsel in this case and that [defendant] would do such a thing."[8]

These tactics are not new, but rather, they are part of defense counsel's *continuing* "scorched-earth practice."[9] From coast to coast, federal judges have grown tired of these tactics. As Judge Illston directed to defense counsel, "I've read your papers, which were extremely vitriolic. I find that off-putting, and I hope that in future you can make them less so. The *ad hominem* attacks are not useful. These are hard enough questions without having to deal with such childish accusations. So, please, calm down in the future."[10] Recently, a federal judge in the Northern District of Illinois was concerned by defense counsel's use of a deceptively presented product label during a plaintiff's deposition in a food mislabeling case.[11] In at least one

---

[8] *Clark v. The Hershey Company*, 3:18-cv-06113-WHA, Transcript of Proceedings of March 4, 2019, ECF No. 51, at 19:22-20:1 (attached as Exhibit F).

[9] *See* Exhibit G, p.4n.1 ("Magistrate Judge Orenstein wrote that he found the behavior of counsel for the defendants, which involved 'an unrelenting effort to tar opposing counsel with unproven allegations of irrelevant misconduct from decades in the past,' shocking.").

[10] *Silver v. BA Sports* Nutrition, 3:20-cv-00633-SI, Transcript of Proceedings of Sept. 4, 2020, Doc. No. 57, at 3:12-21.

[11] *Strow v. B&G Foods*, 1:21-cv-05104, Doc. No. 69 ("What, exactly, did defense counsel know about the new label when counsel showed that picture to Plaintiff at the deposition? Did defense counsel know that the label was new? Did defense counsel know that the new label did not exist when the lawsuit was filed? Who found that picture, and decided to show it to Plaintiff, and why?").

instance, a federal judge required defense counsel's client attend a hearing to confirm that defendant was aware that defense counsel's behavior was something that he'd "never seen anything quite so bad in over 30 years as a lawyer."[12]

Here, defense counsel's actions created the problem it now runs to the Court to remedy. The Court's time should not be wasted by addressing problems created by the party now seeking its assistance.

### C.   Defendant Cannot Force Plaintiff to Be Deposed in California.

To support its assertion that Plaintiff – despite no longer living in the State of California – must appear for an in-person deposition in San Francisco, Defendant cites to three district court cases from years before the COVID-19 pandemic started. The world is a different place. *See Schaeffer v. City of Chicago*, 2021 WL 3673847, at *1 (N.D. Ill. Jan. 22, 2021) (noting the "the ubiquity of Zoom depositions during the time of COVID-19."). Many court proceedings are now conducted remotely that would never have been contemplated in a pre-COVID environment. Nevertheless, Defendant is aware of the benefits of remote depositions because Defendant offered that option for Plaintiff at *every* mention of her deposition until June 5, 2023 before it unilaterally cancelled her previously scheduled remote deposition less than 24 hours before it was to commence.

Plaintiff no longer lives in the State of California. On June 5, 2023, she was living in Massachusetts without any scheduled visits to California for many months.

---

[12] *Pasik v. Boon Technologies*, , 1:19-cv-02357-FB-JO, Transcript from January 10, 2020 (Doc. No. 42), at 3:8-9 (E.D.N.Y.) (Exhibit H).

– 7 –

– 8 –

Defendant was informed that Plaintiff no longer resided in California nor would she be physically present in the state. Plaintiff currently lives in Massachusetts. Plaintiff is ready, and willing to be deposed remotely as has been agreed upon for months. The insistence of Defendant to take Plaintiff's deposition in-person is unnecessary, given that the Plaintiff may be deposed remotely.

### III. CONCLUSION

Plaintiff respectfully asks that the Court deny Defendant's Motion in its entirety because it is procedurally improper and premised on incomplete facts.

Dated: August 9, 2023

Respectfully submitted,

**GOOD GUSTAFSON AUMAIS LLP**
/s/ J. Ryan Gustafson
J. Ryan Gustafson
jrg@ggallp.com
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel.: (310) 274-4663

**THE KEETON FIRM LLC**
/s/ Steffan T. Keeton
Steffan T. Keeton*
stkeeton@keetonfirm.com
100 S Commons, Ste. 102
Pittsburgh, PA 15212
Tel.: (888) 412-5291
*Pro hac vice*

*Counsel for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2023, a true and correct copy of this Opposition was filed with the Court via the Electronic Case Filing System, and was served on all counsel of record through the same means.

/s/ Steffan T. Keeton

Steffan T. Keeton
