**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson (Cal. Bar No. 220802)
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel: (310) 274-4663
jrg@ggallp.com

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons, Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com
*Pro hac vice*

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MARINO, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YUMMYEARTH, INC.,<br><br>Defendant. | CASE NO. 3:22-cv-02739-VC<br><br>**DECLARATION OF STEFFAN T. KEETON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**<br><br>Date: September 14, 2023<br>Time: 10:00 AM<br>Courtroom: 4<br>The Honorable Vince Chhabria |

I, Steffan T. Keeton, declare:

1. I represent Plaintiff Jennifer Marino ("Marino"). I make this declaration based on personal knowledge. If called as a witness, I could and would testify competently to the facts stated herein.

2. On May 1, 2023, defense counsel requested for Plaintiff's deposition to occur remotely on

– 1 –

Keeton Declaration ISO Plaintiff's Opposition to Defendant's Motion for Sanctions
*Marino v. YummyEarth*, No. 3:22-cv-02739-VC

GOOD GUSTAFSON AUMAIS LLP

May 30, 2023 and provided a notice for this date. If that date did not work, defense counsel was open to scheduling a reasonable alternative.

3.  On May 8, 2023, after various dates were discussed, an agreement was reached for Plaintiff's deposition to occur remotely on June 6, 2023. The deposition was re-noticed for this new date and scheduled to be conducted remotely.

4. On June 5, 2023, less than 24 hours before the deposition was to commence, Defendant unilaterally canceled Plaintiff's deposition and required that it now occur in-person at defense counsel's San Francisco office.

5. At the time of Defendant's eleventh-hour cancelation, Plaintiff was no longer living in California.  Instead, she was living in Massachusetts.

6. In order to attempt to resolve this issue as well as other outstanding discovery issues with Defendant's responses to written discovery, I sent lead counsel Attorney Borden an email seeking to discuss these disputes in any attempt to resolve them.

7. Without replying to this email, Attorney Borden filed the sanctions motions 34 minutes later.

8. Prior to the filing of Defendant's sanctions motion, I never met with any member of defense counsel's firm.

9. Prior to the filing of Defendant's sanctions motion, I never participated in a videoconference with any member of defense counsel's firm.

10. Prior to the filing of Defendant's sanctions motion, I never participated in a teleconference with any member of defense counsel's firm.

11. Attached as **Exhibits A-E** are true and correct copies of the email correspondence discussed in Paragraphs 2-4, and 6 above.

GOOD GUSTAFSON AUMAIS LLP

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 9, 2023

Steffan T. Keeton

GOOD GUSTAFSON AUMAIS LLP

Keeton Declaration ISO Plaintiff's Opposition to Defendant's Motion for Sanctions
*Marino v. YummyEarth*, No. 3:22-cv-02739-VC