# Exhibit G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
CHANAN NATHAN PASIK,

               Plaintiff,

     -against-

BOON TECHNOLOGIES, LLC ET AL.,

             Defendant.

-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-02357-FB-JO

*Appearances:*
*For the Plaintiff*:
MARK SCHLACHET
Law Offices of Mark Schlachet
3515 Severn Road
Cleveland, OH 44118

*For the Defendant*:
JONAS NOAH HAGEY
MATTHEW B. BORDEN
DAVID KWASNIEWSKI
BraunHagey & Borden LLP
7 Times Square, 27th Floor
New York, NY 10036

**BLOCK, Senior District Judge:**

Litigators operate in a zero-sum environment. Many are naturally competitive. Their instincts are generally channeled for the benefit of their clients and our adversarial legal system. Yet, sometimes lawyers move past the realm of aggressive advocacy and into what Magistrate Judge Orenstein called "scorched-earth practice." *See* ECF No. 41. Counsel seeks an order striking what it characterizes as "unnecessary and inaccurate comments regarding the professionalism of my

1

colleagues and their status as members of the legal community." ECF No. 54 at 1.

For the reasons that follow, Counsel's application is denied.

## I.

The defendant in this matter was represented by the law firm BraunHagey &

Borden LLP. This firm has offices in San Francisco and New York and employs

"almost thirty attorneys." *Id*. at 1. In response to highly aggressive litigation

tactics, Magistrate Judge Orenstein entered a series of text orders cautioning

lawyers at the firm about their behavior. For example, on December 10, 2019, an

order was entered on ECF stating:

> At the conference on December 11, 2019, I will afford the defendants
> an opportunity to be heard as to why they should not be sanctioned for
> their apparently willful defiance of multiple lawful court orders. In
> light of my prior warning to the defendants' counsel of record David
> Kwasniewski, counsel should be prepared to explain why, in light of
> his most recent failure to comply with a court order, this court should
> continue to extend him the privilege of appearing *pro hac vice*.

This was closely followed by an ECF minute entry on December 11, 2019, stating:

> The defendants have failed to participate in submitting a joint discovery
> plan, notwithstanding several orders requiring them to do so. … I cautioned
> the defendants' counsel that, in light of the history of his conduct in this
> litigation, continued failure to comply with court orders will result in his
> disqualification and a referral to the Committee on Grievances.

Later that same month, on December 27, 2019, Magistrate Judge Orenstein entered

an order stating:

> I respectfully direct the defendants to show cause in writing by
> December 31, 2019, why I should not grant appropriate relief

including some or all of the following: (a) striking the defendants' requests for production 11-13; (b) imposing any or all of the sanctions set forth in Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii); (c) ordering the defendants to reimburse the plaintiff the costs, including reasonable attorneys' fees, arising from what appears to be the defendants' continued harassment of plaintiff's counsel; (d) disqualifying defendants counsel for their apparent unwillingness to comply with court orders and the applicable rules of professional conduct; (e) referring all of the defendants' current counsel of record to all appropriate disciplinary authorities for investigation and such sanctions as they may deem appropriate; and (f) upon the conclusion of any disciplinary proceedings before this court's Committee on Grievances, vacating the orders granting counsel the privilege of appearing pro hac vice in this case. I will discuss the matter at a conference on January 10, 2020 at 9:30 a.m.

The order that counsel seeks to have stricken was entered into ECF on January 16,

2020 and reads as follows:

Corrected Minute Entry for proceedings held before Magistrate Judge James Orenstein: Telephone Conference held on 1/16/2020. Scheduling: (1) The next status conference will be held on March 4, 2020, at 11:30 a.m. (2) A pretrial conference will be held on June 24, 2020, at 9:30 a.m. Summary: As set forth on the record, I granted the motion for a protective order: the defendants may take the plaintiff's deposition on February 6, 2020, without prejudice to the parties' right to unanimously consent to an alternate date. The defendants remain free to send disclosures by regular mail, but I direct any party sending disclosures by mail to provide copies of such disclosures by email to avoid needless delay and inconvenience to opposing counsel. In light of the defendants' continued violations of court orders and rules, most recently the violation of Local Civil Rule 26.4, I concluded that I had improvidently granted the applications of Messrs. Borden and Kwasniewski for admission to the bar of this court pro hac vice. I therefore vacated my orders of July 11 and September 27, 2019, granting those applications. At this time I will not refer the defendants' counsel to any disciplinary committee nor disqualify the attorney for the defendants who is admitted to practice in this court; however, should the defendants continue their scorched-earth practice

3

rather than simply litigate this case on the merits in accordance with applicable rules, I will renew my consideration of such remedial measures. (Orenstein, James) (Modified on 1/16/2020 to [correct] a clerical error. (Guy, Alicia). (Entered: 01/16/2020)

Significantly, Magistrate Judge Orenstein later reversed his decision to suspend the *pro hac vice* applications of BraunHagey & Borden LLP lawyers Matt Borden and David Kwasniewski. *See* ECF No. 53.[1] Magistrate Judge Orenstein's decision explaining his reason for the reversal, and the text order on January 16, 2020, remain on the docket in this matter.

## II.

The lawyers that are the subject of this decision have outstanding academic and professional credentials, are "member[s] in good standing of the California bar," and have "never been the subject of any sanction, discipline or other reprobation." *See* ECF No. 41 at 2. The letter from their colleague, which does not cite case law or other authority supporting the remedy sought, requests that the Court "order the ECF clerk (1) strike the entirety of the Vacatur Order, except as to

---

[1] Magistrate Judge Orenstein wrote that he found the behavior of counsel for the defendants, which involved "an unrelenting effort to tar opposing counsel with unproven allegations of irrelevant misconduct from decades in the past," shocking. ECF No. 53 at 2. Nevertheless, he decided to reverse his decision to revoke the *pro hac vice* admissions of the attorneys in question because he hoped that "plaintiff's counsel's act of grace will be more effective than any sanction could be in prompting attorneys Hagey, Borden, and Kwasniewski to give serious consideration to the standards of conduct a court properly expects of the attorneys it admits to its family of practitioners." *Id*. at 3.

4

the relief granted (namely, rescinding the Court's prior January 16, 2020 Minute Order), and (2) strike the relevant portions of the improper, and now overruled, underlying January 16, 2020 Minute Order." ECF No. 54 at 2.

Judge Orenstein's January 16, 2020 minute entry, and the associated order explaining the reasons for vacatur of the *pro hac vice* revocation, did not come out of the blue. They were preceded by a series of orders warning counsel that overzealous litigation tactics would result in corrective action. Moreover, a significant part of Magistrate Judge Orenstein's reasoning was that he "did not want them to suffer permanent consequences for misconduct in a single case." ECF No. 53 at 3. Erasure of the ECF record would inhibit inquiry about past behavior if problems persist in the future. The Court finds there is neither a legal nor factual basis for granting the remedy sought by BraunHagey & Borden LLP.

## CONCLUSION

Accordingly, the defendant's motion to strike is DENIED.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 15, 2021

5