

# Exhibit I

# Attachment A

Martin Quinn
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

SPECIAL MASTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARC SILVER, *et al*.,

            Plaintiffs,

     and

BA SPORTS NUTRITION, LLC,

            Defendant.

     v.

CASE NO. 20-cv-00633-SI

**SPECIAL MASTER'S ORDER NO. 1: ORDER RE DEFENDANT'S MOTION FOR RELIEF FOR VIOLATION OF COURT'S SANCTIONS ORDER AND FOR ORDER TO SHOW CAUSE (No hrg.)**

On March 26, 2021 Defendant BA Sports Nutrition filed a Motion for Relief for Violation of Court's Sanctions Order and for Order to Show Cause (Dkt. 103).  Plaintiffs filed their Opposition on April 9 (Dkt. 105).  Defendant filed its Reply on April 16 (Dkt. 106).  Having considered all  arguments and evidence submitted, for the following reasons the Special Master DENIES the motion and GRANTS Plaintiffs' request for monetary sanctions.

<u>Background Facts</u>

1

On February 25, 2021 the Court entered its Order Granting in Part and Denying in Part Defendant's Motion for Sanctions. (Dkt. 98)  That Order required plaintiff Marco Silver to appear for a second deposition, without specifying any deadline for doing so.

The following day, February 26, counsel for defendant sent an e-mail to plaintiffs' counsel requesting dates for the court-ordered deposition.  (Dkt. 103-1, Borden Decl., Exh 3)  Plaintiffs' counsel responded about court-ordered monetary sanctions but did not respond about deposition dates.

On March 4, Plaintiffs filed a Motion for Leave to File a Motion for Reconsideration of the Court's 2/25/21 Order, which included a declaration from Plaintiffs' counsel, Maia Kats, stating that Mr. Silver was "not in good health," was being treated by a pulmonologist, and that following an upcoming doctor appointment on March 8 counsel could assess his availability for deposition. (Kats Decl., Dkt. 99-1, ¶19)

On March 26, 2021 Defendant filed this motion seeking monetary sanctions and dismissal of the case for Plaintiffs' "refusal" to provide Mr. Silver for deposition.  Plaintiffs assert that Defendant's counsel never renewed his 2/26 request for deposition dates, never inquired about Mr. Silver's health, and made no effort to  meet-and-confer before filing this motion.  (King Decl., Dkt. 105-1 ,¶3; Opposition, Dkt. 105, 4:9-23).  Defendant does not deny any of those assertions.

On March 31, counsel for Plaintiffs sent Defendant's counsel a letter noting that Mr. Silver had never "refused" to appear for deposition, that Ms Kats's Declaration had advised Plaintiffs and the Court on March 4 that Mr. Silver's deposition was delayed by health problems, and asking Defendant to withdraw this motion.  (Dkt. 105-3)  Counsel for Plaintiffs noted that Mr. Silver's health had improved, and offered April 14 and 16 as potential deposition dates.  On April 6, counsel for Defendant agreed to an April 16 deposition date, but refused to withdraw the motion unless Plaintiffs paid $13,140 in attorneys' fees.  (Dkt. 105-4)

On April 16, Mr Silver duly appeared for deposition.

<u>Analysis</u>

2

Taking Mr. Silver's deposition has generated four motions (Dkt. 85, 99, 103 and 108) and three Court orders (Dkt. 87, 99 and 100).  This Order will be the Court's fourth intervention to accomplish what counsel could very easily have handled themselves.

First, this motion was improperly filed since Defendant admittedly made no effort to meet-and-confer before filing it.  FRCP 37(1) requires a party moving to compel discovery to certify that they have conferred with the other side.  Similarly, Local Civil Rule 30-1 requires a party seeking to take a deposition to confer about scheduling with the other side.  Defendant's counsel wrote one letter asking for deposition dates, ignored a declaration stating that Mr. Silver was not healthy enough to be deposed, never again inquired about Mr. Silver's health or possible dates — and filed this motion.  Defendant's counsel completely ignored Federal and local rules, and in so doing compounded the work of Plaintiffs' counsel, the Court and now the Special Master.

Second, when Plaintiffs' counsel immediately offered a deposition date to which both parties agreed, Defendant's counsel refused to withdraw this motion without payment of a large sum of fees ($13,140).  That refusal showed lack of professional courtesy and poor judgment.

Third, there is no evidence at all that Plaintiffs ever "refused" to produce Mr. Silver for the court-ordered deposition.  And the Court's Order did not put a deadline on that.  Therefore, there is no evidence at all that Plaintiffs have violated a Court order.  Defendant's repeated assertions of "refusal" and "violation of Court order" are seriously distorted.

Fourth, Defendant's demand for an order to show cause to dismiss this case for Mr. Silver's purported "refusal" to appear for deposition is far beyond the realm of legal merit and any sense of justice.  There is no shred of evidence or legal support that would come close to justifying dismissal for this tawdry discovery dispute.  Commendably, Defendant's Reply appears to have dropped that demand.

Fifth, the motion papers and the reply were replete with a wholly irrelevant discussion of the pleadings and motions to dismiss, Mr. Silver's testimony at his first deposition, and the alleged lack of merit of Plaintiffs' claims in the case.  None of this was relevant to scheduling Silver's deposition, but no doubt greatly contributed to the size of Defendant's claimed fees.

3

Sixth, Plaintiff's counsel is not without blame in this sad scenario. He was remiss in not responding to Defendant's February 26 letter requesting deposition dates. Although he advised Defendant by means of the Kats Declaration of Mr. Silver's illness, a simple letter, e-mail or telephone call would have been far more informative as well as courteous.

The Special Master is loath to impose sanctions, which often exacerbate rather than calm a bad situation — particularly in his first Order in this case. Nonetheless, it is inescapable that this motion never should have been filed, or once filed should have been withdrawn the minute that Mr. Silver's deposition was scheduled. Plaintiffs have been subjected to needless expense for which it is only right that they be compensated.

Plaintiffs seek legal fees of $14,675 for 17 hours of work by an associate at $725/hour and 2.5 hours of work for a partner at $940/hour. [King Decl., ¶9, 11] The Special Master will allow 8 hours of associate work at $500/hour and 1 hour of partner work at $750/hour, for a total of $4,750 to be paid by Defendant to Plaintiffs' counsel as sanctions for filing an improper, unnecessary motion without any meritorious legal basis or practical importance.

Order

Good cause appearing, IT IS ORDERED that:

1. Defendant's motion and request for an order to show cause is DENIED.

2. Plaintiffs' request for monetary sanctions for the cost of opposing this motion is GRANTED IN PART to the extent that Defendant is ordered, within 10 days of the date of this Order, to pay the sum of $4,750 to Plaintiffs' counsel.

Dated: June 2, 2021

DocuSigned by:

Martin Quinn

Martin Quinn, Special Master

4

**PROOF OF SERVICE BY E-Mail**

Re: Silver, Marc, et al. vs. BA Sports Nutrition, LLC
Reference No. 1100111260

  I, Sandra Chan, not a party to the within action, hereby declare that on June 2, 2021, I served the attached SPECIAL MASTER'S ORDER NO. 1:  ORDER RE DEFENDANT'S MOTION FOR RELIEF FOR VIOLATION OF COURT'S SANCTIONS ORDER AND FOR ORDER TO SHOW CAUSE (No hrg.) on the parties in the within action by electronic mail at San Francisco, CALIFORNIA, addressed as follows:

Laurence D. King Esq.
Mario M. Choi Esq.
Kaplan Fox & Kilsheimer LLP
1999 Harrison Street
Suite 1560
Oakland, CA   94612
Tel: 415-772-4700
Email: lking@kaplanfox.com
MChoi@kaplanfox.com
 Parties Represented:
 Alexander Hill
 Heather Peffer
 Marc Silver

Donald R. Hall Esq.
Maia Caplan Kats Esq.
Kaplan Fox & Kilsheimer LLP
850 Third Ave.
14th Floor
New York, NY   10022
Tel: 212-687-1980
Email: dhall@kaplanfox.com
MKats@kaplanfox.com
 Parties Represented:
 Alexander Hill
 Heather Peffer
 Marc Silver

George Granade Esq.
Reese LLP
8484 Wilshire Blvd.
Suite 515
Beverly Hills, CA   90211
Tel: 310-939-0070
Email: ggranade@reesellp.com
 Parties Represented:
 Alexander Hill
 Heather Peffer
 Marc Silver

Michael R. Reese Esq.
Reese LLP
100 West 93rd Street
16th Fl.
New York, NY   10025
Tel: 212-643-0500
Email: Mreese@reesellp.com
 Parties Represented:
 Alexander Hill
 Heather Peffer
 Marc Silver

Matthew B. Borden Esq.
David H. Kwasniewski Esq.
J. Noah Hagey Esq.
BraunHagey & Borden LLP
351 California St.
Tenth Floor
San Francisco, CA   94104

Ellen Leonida
Badami, Hartsough & Leonida
510 7th Street
San Francisco, CA   94103
Tel: 415-865-0321
Email: leonida@braunhagey.com
 Parties Represented:

Tel: 415-599-0212                                    BA Sports Nutrition, LLC
Email: borden@braunhagey.com
kwasniewski@braunhagey.com
hagey@braunhagey.com
    Parties Represented:
    BA Sports Nutrition, LLC

Tracy O. Zinsou Esq.
BraunHagey & Borden LLP
351 California St.
Tenth Floor
San Francisco, CA   94104
Tel: 415-599-0210
Email: zinsou@braunhagey.com
    Parties Represented:
    BA Sports Nutrition, LLC

        I declare under penalty of perjury the foregoing to be true and correct. Executed at San

Francisco, CALIFORNIA on June 2, 2021.

_____
Sandra Chan
JAMS
SChan@jamsadr.com