Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
  kwasniewski@braunhagey.com
Tracy O. Zinsou, Esq. (SBN: 295458)
  zinsou@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

*Attorneys for Defendant
YummyEarth, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MARINO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>YUMMYEARTH, INC.,<br><br>　　　　Defendant. | Case No: 3:22-cv-02739-VC<br><br>**DEFENDANT YUMMYEARTH, INC.'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>**Date:**　September 14, 2023<br>**Time:**　10:00 a.m.<br>**Judge:**　Hon. Vince Chhabria<br>**Court Rm.:**　4<br><br>**Compl. Filed:** May 8, 2022 |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................ 1

ARGUMENT........................................................................................................................................ 2

I.    YUMEARTH WAS NOT REQUIRED TO SUBMIT THIS MOTION TO MAGISTRATE JUDGE BEELER.................................................................................. 2

II.   PLAINTIFF'S REFUSAL TO APPEAR FOR HER DEPOSITION WARRANTS TERMINATING SANCTIONS................................................................. 3

III.  PLAINTIFF'S AD HOMINEM ATTACKS ARE INACCURATE AND IRRELEVANT ........................................................................................................ 6

CONCLUSION.................................................................................................................................... 7

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Elizondo v. SeaWorld Parks & Entertainment, Inc.*,
   No. 20-cv-00829-GPC-BGS, 2021 WL 1923287 (S.D. Cal. May 13, 2021) ................................ 4

*Chapa v. Foell*,
   No. CV 13-04536-BRO-MRW, 2015 WL 12746205 (C.D. Cal. Oct. 2, 2015) ..................... 2, 4, 5

*Harris v. Johnson*,
   No. EDCV 18-1319-GW-KK, 2019 WL 3064476 (C.D. Cal. May 3, 2019) ................................ 5

*In re ComUnity Lending*,
   No. C-08-00201 JW, 2011 WL 7479165 (N.D. Cal. June 6, 2011) ............................................... 6

*Paige v. Consumer Programs, Inc.*,
   248 F.R.D. 272 (C.D. Cal. 2008) .................................................................................................. 4

*Pioche Mines Consol., Inc. v. Dolmon*,
   333 F.2d 257 (9th Cir. 1964) ........................................................................................................ 4

*Reazza v. County of Riverside*,
   No. 5:20-cv-01188-MEMF-SP, 2022 WL 2204154 (C.D. Cal. Mar. 18, 2022) ........................... 5

*S.E.C. v. Small Business Capital Corp.*,
   No. 5:12-cv-03237 EJD, 2012 WL 6584953 (N.D. Cal. Dec. 17, 2012) ...................................... 7

*Schaeffer* v. *City of Chicago*,
   No. 19 C 7711, 2021 WL 3673847 (N.D. Ill. Jan. 22, 2021.) ....................................................... 5

*Silver v. BA Sports Nutrition, LLC*,
   No. 20-cv-633-SI, 2021 WL 735675 (N.D. Cal. Feb. 25, 2021) ................................................... 6

**STATUTES**

28 U.S.C. § 636(b)(1)(A) ................................................................................................................... 2

**RULES**

Fed. R. Civ. P. 37(d)(2) ..................................................................................................................... 4

Rule 26(c) ..................................................................................................................................... 4, 5

YumEarth respectfully submits this Reply in support of its Motion for Sanctions.

**INTRODUCTION**

Plaintiff's Opposition does not contest that she failed to show up at her first deposition and offers no reason why. Nor does it explain why she ignored four separate emails begging her to appear for her second deposition before she failed to appear at that one without seeking a protective order. Nor does she offer to appear for deposition now.

The remainder of her Opposition is an assortment of incorrect procedural arguments and *ad hominem* attacks, none of which addresses the real problem, which is that after making a small business expend its resources defending her claim that she wanted her jellybeans to contain more fruit, Plaintiff is not committed to prosecuting her own case. She no longer seeks to try to certify a class (her Court-ordered deadline to file [Dkt. 42] was on July 27, 2023), and she has twice failed to appear for deposition. Plaintiff's lawyers assert for the first time—without any declaration by Plaintiff—that she lives in Massachusetts, although their Complaint alleges that she is a citizen of California. (Compl. ¶ 17.) But that alleged revelation, even if true, combined with the facts above, only further supports the requested relief.

The Opposition's procedural arguments are incorrect. Plaintiff argues that this motion should have been brought before United States Magistrate Judge Beeler. (Opp. at 2-3.) But this motion seeks terminating sanctions, which is relief that only this Court can grant. Had this motion been submitted to Judge Beeler, Plaintiff would have objected to that, too.

Plaintiff also asserts that YumEarth did not consult with her about her second deposition (Opp. at 5), but ignores that YumEarth wrote her on June 5, 2023 ("Please let us know when she is available to sit for an in-person deposition") on June 9, 2023 ("Following up on this, please let us know as soon as possible when Ms. Marino is available for an in-person deposition"), and again on June 21, 2023 and again on June 29, 2023, all with no response. Plaintiff offers no reason for why she ignored these emails or how she could be surprised about the location of the deposition, as she claims. Her only response is that two weeks after she failed to appear, and while this motion was being filed, she sent an email to counsel who is not involved in the day-to-day operations of the case, intentionally excluding the partner and associate in charge of the matter. (Opp. at 3.) That

does not explain or extenuate anything. Nor does it obviate the motion. She admittedly had notice of the deposition and refused to appear without seeking a protective order. See, e.g., *Chapa v. Foell*, No. CV 13-04536-BRO-MRW, 2015 WL 12746205, *4-5 (C.D. Cal. Oct. 2, 2015) (sanctioning defendant who moved to Germany and insisted upon being deposed by video, or in Germany, because he failed to appear and did not seek protective order beforehand). Plaintiff had a month to file a motion, or to respond to communications from YumEarth. She did nothing for weeks, and only claimed to have moved out of state for the first time in her Opposition.

In the lone paragraph of the Opposition attempting to justify why she refused to appear,, Plaintiff claims, without support, that YumEarth is required to take her deposition remotely. (Opp. at 7-8.) The case law, however, which Plaintiff does not address, much less distinguish, says otherwise. (Mot. at 5.) Plaintiff filed this case here (albeit through lawyers in Los Angeles, Georgia, and Pennsylvania) and should appear here to substantiate her supposed claims, and has not even bothered to submit a declaration stating why she failed to appear.

The main thrust of Plaintiff's brief is to sling mud at YumEarth's counsel. These arguments (which, ironically come from a former lawyer at Girardi & Keese who is currently being sued for embezzling client funds) are inaccurate and have nothing to do with Plaintiff's failure to appear at her deposition.

For these reasons, YumEarth's motion should be granted. YumEarth has incurred an additional $3,870 in legal fees preparing this reply.

## ARGUMENT

### I. YUMEARTH WAS NOT REQUIRED TO SUBMIT THIS MOTION TO MAGISTRATE JUDGE BEELER

Plaintiff's lead argument is that this motion should have been brought before Magistrate Judge Beeler, to whom the Court has referred discovery disputes in this matter. (Opp. at 2-3.) This argument is incorrect. YumEarth's motion seeks terminating sanctions, which, as Plaintiff does not deny, are an appropriate remedy for a plaintiff's refusal to appear for her deposition. (Mot. at 5-7 (collecting cases).) Magistrate Judges cannot issue terminating sanctions. 28 U.S.C. § 636(b)(1)(A)

(magistrate judge may not "involuntarily dismiss" an action). Accordingly, this motion is properly directed to the Court.

## II. PLAINTIFF'S REFUSAL TO APPEAR FOR HER DEPOSITION WARRANTS SANCTIONS

Plaintiff does not dispute that she failed to appear for her deposition twice without seeking a protective order either time. (Mot. at 2-5.) Plaintiff offers no reason for her failure to appear for her first deposition. With regard to her second, she claims that YumEarth insufficiently met and conferred with her (Opp. at 5) or alternatively, that YumEarth was required to take the deposition remotely. (Opp. at 7-8.) Neither of these arguments has merit.

### A. YumEarth Repeatedly Tried to Engage with Plaintiff about Her Deposition, but Plaintiff Refused

As to the meet-and-confer efforts, Plaintiff offers no explanation of why she refused to return any of the correspondence asking her for deposition dates. She does not dispute that each request was polite, professional, and accommodating. (Borden Decl. ¶¶ 4-7, Exs. 1-3.) At some point—and especially after Plaintiff already had failed to appear once—YumEarth was entitled to notice her deposition, again request her participation, and give her plenty of time to change her schedule or ask for a new date, which is exactly what YumEarth did. (Id. ¶¶ 6-7.) Plaintiff did not respond to those requests either (*id*.), and again offers no explanation why in her Opposition. Even after she failed to appear, YumEarth once again offered her the opportunity to do so, and once again, Plaintiff did not respond. (*Id*., Ex. 3.)

According to Plaintiff, these efforts were insufficient because as this motion was in the process of being filed (which was 15 days *after* she failed to appear for the second time), she sent an email to counsel who is not involved in the day-to-day events of the case, intentionally excluding the partner and associate responsible for the matter. (Keeton Decl. ¶ 6.) Why Plaintiff believes that this somehow renders the motion premature is unclear. To the extent that she is asserting that this motion was written in 34 minutes in response to the email, that is obviously incorrect. The email, itself, did not offer any dates and deliberately left off the counsel in charge of discovery. To the extent that Plaintiff wanted to appear for her deposition after the motion was filed, she could have done that. But she has not offered to do so.

Even if Plaintiff's email was not intentionally misdirected, and was an actual attempt to meet and confer 15 days after she failed to appear, it would not render this motion untimely. *See Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275, 278 (C.D. Cal. 2008) (sanctioning plaintiff who "attempted to file a notice stating he would not appear at his deposition" and offered to meet and confer after the date of the deposition had passed). "Under Rule 37(d), a party's failure to appear at his own deposition 'is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).'" *Id*. at 275 (quoting Fed. R. Civ. P. 37(d)(2)). Like the plaintiff in *Paige*, Plaintiff elected to ignore YumEarth's communications about the deposition, announced at the last minute that she would not appear, and did not seek a protective order.

Plaintiff's lone case citation does not address, much less alter the longstanding rule that "A proposed deponent and her counsel have a duty to appear at the properly noticed deposition, unless they 'obtained a court order that postpones or dispenses with [their] duty to appear.'" *Elizondo v. SeaWorld Parks & Entertainment, Inc*., No.: 20-cv-00829-GPC-BGS, 2021 WL 1923287, *9 (S.D. Cal. May 13, 2021) (quoting *Pioche Mines Consol., Inc. v. Dolmon*, 333 F.2d 257, 269 (9th Cir. 1964). Thus, "A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2), Fed. R. Civ. P., designating a different place." *Chapa v. Foell*, 2015 WL 12746205, *4 (C.D. Cal. Oct. 2, 2015) (collecting cases, quotations omitted).

In *Chapa*, the Court sanctioned a defendant who moved to Germany and insisted upon being deposed by video, or in Germany, because he failed to appear and did not seek a protective order beforehand. *Id*. at *4-5. The Court explained that: "Defendant's counsel admits that he received notice of Defendant's deposition indicating Plaintiff's intent to depose Defendant on August 24, 2015 in Los Angeles. Defendant nonetheless refused to appear at her scheduled deposition in Los Angeles on August 24, 2015, or any other date. Instead, Defendant's counsel represented that Defendant would only agree to have her deposition taken on another mutually-convenient date in Germany, where Defendant resides." *Id*. at *5. The Court imposed sanctions because "[a]t no point did Defendant or her attorney seek a protective order from the Court on the

grounds that the deposition location was unduly burdensome. Instead, Defendant, who had actual notice of the time and place of the deposition, willfully chose not to appear without having requested a protective order …" *Id.* [1]

### B. Even if Plaintiff Had Moved for a Protective Order, YumEarth Would Not Be Required to Take Her Deposition Remotely

Plaintiff's argument that YumEarth is required to take her deposition remotely is also incorrect. Plaintiff does not address that the Federal Rules and case law requires her to appear for her deposition in the district in which she filed suit. (Mot. at 5.) An in-person deposition is especially important in a case like this one, where there is only one witness, it is unlikely that Plaintiff has retained any of the evidence (i.e., the product packaging) of her purchase, and only one person can substantiate Plaintiff's claims: Plaintiff.

Instead, Plaintiff cites a decision from Illinois for the proposition that remote depositions were common "during the time of COVID-19." (Opp. at 7.) But that case did not involve a party's right to confront its accusers. It involved a deposition that took place when in-person depositions were not even allowed under local COVID ordinances. *See Schaeffer v. City of Chicago*, No. 19 C 7711, 2021 WL 3673847 (N.D. Ill. Jan. 22, 2021.) Unlike here, the parties in *Schaeffer* had also agreed to conduct the deposition remotely—and even then, the Court declined to rule on whether the recording of the deposition would be admissible at trial, noting the law and the admissibility of remote depositions "may develop further."[2] *Id.* In any event, it is no longer "the time of COVID-

---

[1] These are not obscure legal principles. *See, e.g., Harris v. Johnson*, No. EDCV 18-1319-GW-KK, 2019 WL 3064476, *3 (C.D. Cal. May 3, 2019) ("Johanson failed to file a motion for a protective order under Rule 26(c) before the date of the deposition despite ample opportunity to do so. In addition, the correspondence between Plaintiff's counsel and Johanson's counsel further shows Plaintiff made numerous attempts to resolve the dispute without Court intervention, but Johanson's counsel was not cooperative and refused to timely return phone calls and emails ..."); *Reazza v. County of Riverside*, No. 5:20-cv-01188-MEMF-SP, 2022 WL 2204154, *3 (C.D. Cal. Mar. 18, 2022) (awarding "contempt sanctions to preclude plaintiffs from introducing Cruz's testimony" because "Plaintiffs did not move for a protective order before failing to appear and Cruz was not otherwise excused from appearing at his noticed deposition.")

[2] Plaintiff notes that YumEarth accidentally failed to specify that her deposition was to be in person in the notice for her June 6, 2023 deposition. (Opp. at 5.) But does not address that "that date had to be canceled because the notice did not specify that the deposition was to occur at our office." (Borden Decl., ¶ 3.) YumEarth never agreed to proceed remotely given the importance of Plaintiff's deposition in this case.

19," in-person depositions and court appearances are again routine, and Plaintiff offers no evidence, not even a self-serving declaration, to suggest any reason to deviate from the Rule.

Indeed, Plaintiff's Opposition makes clear that Plaintiff will never appear for a deposition in this District. Instead, it asserts that Plaintiff has moved to Massachusetts and has no plan to ever return to California. For this reason alone, YumEarth's motion should be granted and Plaintiff's claims dismissed.

### III.   PLAINTIFF'S AD HOMINEM ATTACKS ARE IRRELEVANT AND INACCURATE

The bulk of the Opposition is devoted to attacking YumEarth's counsel for supposedly "raising phantom sanctions issues" in other cases. (Opp. at 1.) This has nothing to do with the issues raised in this motion and seeks to deflect from Plaintiff's failure to appear and refusal to meet and confer despite YumEarth's efforts to secure her attendance for the better part of nine months. The only improper conduct in this case was Plaintiff's refusal to appear and her lawyers' attempt to smear opposing counsel and then get the legal press to write an article based on their inaccurate portrayal of their "Westlaw search."

YumEarth's counsel is a leading boutique with over 50 lawyers here and in New York, and has been handling bet-the-company cases, and significant impact litigation for almost a decade and a half. (Borden Decl., ¶¶ 12-13.) Plaintiff does not accurately portray the cases in her "Westlaw search." For example, *In re ComUnity Lending*, No. C 08-00201 JW, 2011 WL 7479165, at *1-2, *6 (N.D. Cal. June 6, 2011) (Opp. at 4), United States Magistrate Judge Howard Lloyd recommended granting YumEarth's counsel's motions for evidentiary sanctions in three separate Orders because Defendants failed to produce 30(b)(6) witnesses on nine topics, refused to produce their CFO for deposition, and disclosed that they had failed to search over 7.7 terabytes of responsive documents after discovery had closed, on the eve of trial. (Dkts. 214 ["if the presiding judge decides that modification of the scheduling order is not warranted, then this court recommends that he consider imposing the evidentiary sanctions which may be requested by plaintiffs for the failure to produce Fed. R. Civ. P. 30(b)(6) designee(s) to testify about Topics 1 and 9. This court does not find the Trustee's failure to be substantially justified."], 215 ["Although

Fed. R. Civ. P. 37(a) generally requires a court order before evidentiary sanctions may be imposed, the period for discovery and expert disclosures has passed and trial is set to begin in a few weeks. As such, there has been prejudice to plaintiffs. Therefore, if the presiding judge decides that modification of the scheduling order to allow additional time for discovery and expert disclosures is not warranted, then this court recommends that he consider imposing the evidentiary sanctions which might be requested by plaintiffs"], and 216 ["if the presiding judge decides that modification of the scheduling order is not warranted, then this court recommends that he consider imposing evidentiary sanctions which may be requested by plaintiffs, including that the Trustee be precluded from offering at trial any testimony or evidence from Christensen, or any expert opinions based on Christensen's testimony or documents prepared by Christensen."]) Obviously, not every motion succeeds, but far from being scorched earth tactics, in most of the handful of cases Plaintiff cites, YumEarth's counsel's sanctions motions were actually granted."[3] This hardly amounts to a history of scorched Earth, much less a basis for denying relief in this case.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court impose terminating sanctions for Plaintiff's failure to attend her deposition, or in the alternative, prevent Plaintiff from offering any evidence until she appears for her deposition. Defendant further requests that the Court grant YumEarth monetary sanctions in the amount of $3,870.

---

[3] In *Walker v. B&G Foods, Inc.* (Opp. at 4), it is accurate to say that the Honorable Jon S. Tigar denied our client's argument that the Court could, on its own motion, sanction Plaintiff's lawyer under Rule 11(c)(3). The Ninth Circuit, however, granted sanctions against Plaintiff's lawyer when he tried to appeal. *Walker v. B&G Foods, Inc.*, No. 16-15349, Dkt. 26 (9th Cir. 2017). Likewise, in *Silver v. BA Sports Nutrition, LLC*, No. 20-cv-633-SI, 2021 WL 735675 (N.D. Cal. Feb. 25, 2021) (Opp. at 4, 6), the Honorable Susan Illston granted our client's motion for sanctions because at one of the plaintiff's depositions, "In three hours, [plaintiff's lawyer] made over 200 objections, including numerous speaking objections." The other cases cited by Plaintiff are similarly misleading. In *S.E.C. v. Small Business Capital Corp.*, No. 5:12-cv-03237 EJD, 2012 WL 6584953, at *1-2 (N.D. Cal. Dec. 17, 2012), YumEarth's counsel had asked the Court to unfreeze the defendant's assets so that he could retain them, and withdrew after the Court declined to do so. The order Plaintiff cites involves the denial of defendant's pro se motion to sanction the government for calling him a "swindler."

| | | |
|---|---|---|
| 1 | Dated: August 16, 2023 | Respectfully submitted, |
| 2 | | BRAUNHAGEY & BORDEN LLP |
| 4 | | By:   */s/ Tracy Zinsou*<br>          Tracy Zinsou |
| 5 | | *Attorney for Defendant YummyEarth, Inc* |