UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER MARINO,

Plaintiff,

v.

YUMMYEARTH, INC.,

Defendant.

Case No. 22-cv-02739-VC

**ORDER DENYING MOTION FOR SANCTIONS; DENYING REQUEST FOR RELIEF FROM FAILURE TO TIMELY FILE CLASS CERTIFICATION MOTION**

Re: Dkt. No. 45

YummyEarth's motion for sanctions is denied. As explained more fully at the hearing, both parties are at fault for the failure to get Marino's deposition completed, and both sides should be embarrassed at how they've conducted themselves in discovery.

At the hearing, the Court informed Marino and her counsel that the deadline to file a motion for class certification had long passed. Marino was clearly unaware of that fact, and it appeared to be a surprise to counsel as well. (Counsel claimed to have become aware of it in preparation for the hearing, but if that's true, it's difficult to understand why he didn't inform his client and why he didn't immediately file something upon discovery of his serious mistake.) At the hearing on the motion for sanctions, counsel requested a retroactive extension of the class certification deadline. That request is denied for two intertwined reasons.

First, litigation deadlines are important. Occasionally, deadlines are missed based on extraordinary circumstances, and in some circumstances the transgression can be forgiven. But the rules need to mean something. In this case, the class certification deadline was July 27, 2023. Dkt. No. 42. The motion for sanctions was filed on July 26, 2023. Dkt. No. 45. And the hearing

on the sanctions motion was September 14, 2023. Dkt. No. 49. At no point during the seven weeks between the class certification deadline and the hearing did counsel file a motion for relief from the failure to meet the deadline. This despite being called to the mat by opposing counsel for dilatory litigation conduct, which should have caused counsel to snap to attention regarding any delays or transgressions that needed to be remedied. Although one member of the plaintiff's legal team has apparently been fighting a serious illness over the summer, he is not the only member of the legal team. The other lawyers, along with the named plaintiff herself, have a responsibility to make sure that deadlines are met or that extensions are timely requested.

Second and relatedly, based on counsel's performance thus far, the Court would be very likely to deny class certification on adequacy of representation grounds. So granting the request to retroactively extend the deadline would likely be futile.

For these two reasons combined, the request is denied. Of course, this does not preclude Marino from pursuing her individual claims (including, presumably, her claims for prospective relief). Nor does this ruling preclude some other plaintiff from filing a separate lawsuit seeking class-wide relief.

A further case management conference is scheduled for November 3, 2023. A case management statement is due October 27, 2023.

**IT IS SO ORDERED.**

Dated: October 11, 2023

VINCE CHHABRIA
United States District Judge